TRINITY & B. V. RY. CO. v. VOSS.

(Court of Civil Appeals of Texas. El Paso. Nov. 6, 1913. Rehearing Denied Nov. 26, 1913.)

1. CARRIERS (§ 265*)—CARRIAGE OF PASSENGERS—PERFORMANCE OF CONTRACT—RECEIVING PASSENGER.

Where the undisputed evidence shows that the train upon which a prospective passenger desired to take passage arrived at the same time as a train going in the opposite direction, that both trains left at the same time, and that the other train was between the station and the train the passenger desired to take and was vestibuled so that he could not reach his train without climbing over, or crawling under, or

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

going around the end of the other train, the failure of the company to furnish reasonable and proper facilities for boarding the train was the proximate cause of the passenger's failure to take it.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1040–1048; Dec. Dig. § 265.*]

2. CARRIERS (§ 276*)—CARRIAGE OF PASSENGERS—DUTY TO RECEIVE PASSENGER—BURDEN OF PROOF.

One who has purchased a ticket from a passenger carrier has a prima facie right to travel upon a passenger train going in the direction called for by his ticket and which stopped at the station where he was, and the burden is upon the company to plead and prove a rule or regulation which relieved it of the prima facie obligation to transport the passenger upon that train.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1078, 1079; Dec. Dig. § 276.*]

3. CARRIERS (§ 278*)—CARRIAGE OF PASSENGERS—RECEIVING PASSENGER—NEGLIGENCE OF PASSENGER.

A prospective passenger is not negligent as a matter of law for failing to inquire whether the train upon which he expected to take passage would arrive and depart on the main line or on a switch, even though the existence of the two tracks was apparent to him.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1080, 1081; Dec. Dig. § 278.*]

4. CARRIERS (§ 277*)—CARRIAGE OF PASSENGERS—BREACH OF CONTRACT—DAMAGES—LOSS OF TIME.

A prospective passenger who was prevented from taking a train by the failure of the railroad company to furnish reasonable facilities for boarding it may recover from the company damages for the loss of time thereby occasioned.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1082–1084; Dec. Dig. § 277.*]

5. APPEAL AND ERROR (§ 1051*)—HARMLESS ERROR—ADMISSION OF EVIDENCE—FACT OTHERWISE ESTABLISHED.

In an action for damages for a carrier's failure to provide proper facilities for boarding a train which left the station at the same time as another train which had been standing on the track next the station, error in admitting evidence as to a conversation between the station agent and a man in uniform, not otherwise identified, on the steps of the train as it was leaving, in which the latter stated that it would not return, if error, was harmless where the undisputed evidence showed that the train did not return.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

6. JUSTICES OF THE PEACE (§ 191*)—APPEAL—LIABILITY OF SURETIES ON BOND—JUDGMENT.

Where judgment is rendered on appeal from the justice of the peace against the appellant, it may be also rendered against the sureties on the appeal bond.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 735–750; Dec. Dig. § 191.*]

7. TRIAL (§ 192*)—INSTRUCTIONS—ASSUMPTION OF FACT.

In an action against a passenger carrier for damages caused by failure to furnish proper facilities for taking a train, it was not error for the court in his charge to assume that the train was one upon which the plaintiff had a right to ride, since the burden of proving that it was not was upon the carrier, which had not attempted to show that fact.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 432–434; Dec. Dig. § 192.*]

8. APPEAL AND ERROR (§ 1170*)—GROUNDS FOR REVERSAL—TECHNICAL ERRORS.

Under Court of Civil Appeals Rule 62a (149 S. W. x), forbidding reversal for errors which did not cause the rendition of an improper judgment and did not prevent a proper presentation of the case to the appellate court, an error which is merely technical is not a ground for reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

Error from Harris County Court; Clark C. Wren, Judge.

Action by H. C. Voss against the Trinity & Brazos Valley Railway Company. Judgment for the plaintiff in the County Court on appeal from the Justice's Court, and defendant brings error. Affirmed.

Andrews, Ball & Streetman and Robt. H. Kelley, all of Houston, and N. H. Lassiter, of Ft. Worth, for plaintiff in error. Atkinson & Atkinson, of Houston, for defendant in error.

HIGGINS, J. This was a suit for damages by appellee against appellant, originating in the justice court of Harris county, and, on appeal to the county court for civil cases of Harris county, judgment was there rendered in favor of appellee for the sum of $125.70 damages. A remittitur of $64.70 was entered and judgment finally rendered in appellee's favor for the sum of $61, from which this appeal is prosecuted.

[1] It is disclosed by the record that appellee was a traveling salesman, and on the morning of February 7, 1912, he was in the town of Jewett and desired to go thence to Normangee, a station on the line of appellant. He left Jewett by private conveyance and arrived at Newby, another station on the line of appellant, at the hour of 2 a. m.; it being his purpose, from the last-mentioned station, to go thence to Normangee on appellant's train. Arriving at Newby, he bought a ticket for Normangee and checked four pieces of baggage to that point. The south-bound train en route to Normangee arrived at Newby about 3 a. m., and the north-bound passenger train arrived there at the same time. The north-bound train arrived upon the main line and the south-bound train on a siding, thus placing the north-bound train between appellant's depot and the train upon which appellee desired to take passage. The north-bound train was vestibuled, and, in order for appellee to have reached his train from the depot, it would have been necessary for him to have climbed over the north-bound train, crawled under the cars, or gone around one of the ends. If there is any other way in which appellant expected parties desiring to take the south-bound train to reach same, it is not disclosed by the record. The north-bound and south-bound trains departed at the same time, departing so close together that the

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

rear ends of the two trains separated in front of the depot. As the south-bound train passed, appellant's station agent addressed a man on one of the steps of the coaches, who was clothed in a uniform and had a lantern, and stated to him that he had four passengers for his train and asked him if he was not coming back; the man on the steps said, "No;" and the train kept on going. Appellee, having missed his train, went back to the town of Jewett in a hack, arriving about 4 or 4:30 in the morning. The temperature was at about the freezing point, and it was a cold, raw, damp night. When appellee got back to Jewett he was unable to procure a bed and remained up until morning. Appellee states that his trip that night from Jewett to Newby and return, and the time spent staying up the rest of the night at Jewett, was not a very pleasant experience, and this contention does not seem to be controverted by appellant. From the foregoing statement, it will be readily noted that appellee's failure to take passage upon the south-bound train for Normangee was due to appellant's failure to furnish reasonable and proper facilities for boarding the train.

[2] The first assignment of error complains of the refusal of the court to give a peremptory instruction in favor of appellant, the contention being that railroad companies are not obliged to receive passengers at all points to all points and on all trains; and, there being no allegation or proof of any obligation on appellant's part to receive appellee as a passenger on the south-bound train to which we have referred, he had therefore failed to make out a case. The cases cited by appellant are authority for the proposition that railroad companies are not bound to stop all trains at every station and to there receive passengers destined to any and all points upon its line; but, by the purchase of his ticket, appellee acquired a prima facie right to travel upon the south-bound train which stopped at Newby on the occasion in question, and, if there was any rule or regulation of the defendant company which relieved it of the prima facie obligation to receive and tranport him upon that train, it was defensive matter which should have been pleaded and proven by it. It was not incumbent upon the appellee to plead and assume the burden of proving that it was the duty of appellant to stop this particular train at Newby and there receive him for transportation to Normangee. It is further contended under the first assignment that the undisputed evidence shows that defendant's failure to furnish a reasonable opportunity of boarding the train was not the proximate cause of appellee's failure to take the train. As we regard the evidence, it shows beyond controversy that appellant's default was the proximate cause of plaintiff's failure to take the train.

[3] Under the third proposition under this assignment, it is contended further that a peremptory charge should have been given, because appellant owed appellee no duty to notify or advise him of the particular track on which his train would arrive and depart, but, on the contrary, the evident existence of two tracks put him on notice that his train might arrive and depart on either, and his failure to make inquiry concerning the track upon which his train would arrive and depart constituted contributory negligence. We cannot agree to this contention. We do not think that as a matter of law appellee can be charged with negligence for his failure to inquire whether his train would arrive and depart on the main line or the switch. On the contrary, such inquiries would be most unusual.

[4] There is no merit in the second assignment, under which it is contended that appellee could not recover for lost time, and the assignment and the various contentions thereunder are overruled.

[5] Under the third and fourth assignments, error is assigned to the admission of the conversation of the station agent with the unidentified person on the steps of the departing south-bound train, who wore a cap and uniform and carried a lantern. It is urged that this person was unidentified, save that he wore a uniform and carried a lantern and might have been a mere Pullman porter, and there is nothing to show that he was such an agent of appellant as would authorize his admissions to be offered in evidence. Technically the objection and contention may be well taken. We deem it unnecessary to inquire whether or not it is, as the error, if any, was harmless. That the train went on and did not come back is an undisputed fact, and that is all the unidentified person's statements amounted to, so we cannot see what possible harm could have resulted from the admission of the testimony, if it be conceded that this admission was error.

[6] The fifth assignment, complaining of the rendition of judgment against the sureties of appellant upon its appeal bond from the justice court, is without merit. It is authoritatively so decided in Cotulla v. Goggan, 77 Tex. 34, 13 S. W. 742, Franks v. Ware, 24 S. W. 349, and Hensel v. Kauffmann, 40 S. W. 819.

[7] The court did not err in assuming in its charge that the train to which we have referred was the train upon which plaintiff had a right to ride. As stated above, if the train upon which he intends to take passage was such a train as would authorize appellant to deny him the right to ride thereon, it was defensive matter which should have been pleaded and proven by it. As we have heretofore stated, the undisputed evidence shows that appellant's failure to furnish a reasonable opportunity of boarding the train was the proximate cause of appellee's failure

to take the train in question. We therefore overrule the propositions urged under the sixth, seventh, and eighth assignments of error.

[8] The ninth, tenth, and eleventh assignments are overruled. As to the first contention urged thereunder, there can be no contention made that the error, if any here urged, was other than technical, if indeed it be such. In any such event, it is not ground for reversal. Rule 62a (149 S. W. x). As to the second proposition, it is disposed of by what has heretofore been said. The third proposition is likewise without merit, as we think the reasonable value of time lost by plaintiff was a proper item of damage. The fourth proposition under this assignment is overruled as being without merit.

Under the twelfth assignment of error, it is urged that a new trial should have been granted, because the verdict of the jury was grossly excessive in the amount allowed for physical suffering, even after it had been reduced by a remittitur of $50. We cannot concur in the view that the judgment is excessive in this respect.

What we have heretofore stated with respect to the evidence relating to the proximate cause of appellee's failure to catch the south-bound train disposes of the thirteenth assignment.

Affirmed.