CYNTHIA Ross v. J. R. O'NEIL.

1. PLEADING.—In an action brought on the promissory note of a deceased husband, who left no children surviving him, against his widow, who had converted the community of greater value than the amount of the debt, that fact being alleged, it is not necessary for plaintiff to allege that the community property was property other than that which is reserved from forced sale under the Constitution and laws. If the property converted was exempt from seizure and sale for debts under the law, that is matter of defense which should be stated in the answer.

2. VERDICT.—See statement of case for a verdict held sufficient.

APPEAL from Erath. Tried below before the Hon. J. P. Osterhout.

Suit by J. R. O'Neil against W. T. Mausker and Cynthia Ross, as surviving wife of F. M. Ross, deceased, on a note for $3,000, alleged to have been executed by F. M. Ross, W. T. Mausker, and J. H. Williamson. No recovery was sought against the estate of Williamson, he being dead, and his estate insolvent. F. M. Ross died leaving no child, but the petition alleged that he left a large amount of community property, both real and personal, and that " Cynthia Ross, his widow and sole heir, is now holding said property, and that she is unmarried and liable to pay your petitioner the full

amount of said note," &c.  The defendant, Cynthia Ross, filed a general demurrer and general denial, with special defenses not supported by evidence and not necessary to mention.

The court instructed the jury to find for the plaintiff the amount of principal and interest less the amount of payments credited against Cynthia Ross, as surviving wife of F. M. Ross, as surety, provided they were satisfied from the evidence that Cynthia was the surviving wife of F. M. Ross. They were further instructed that a recovery could only be obtained against the surviving widow for the amount of the value of the property left by F. M. Ross, and if the evidence did not satisfy them that she had property left by her husband, they should find a verdict against Mausker alone.

The verdict was as follows: "We, the jurors, find for plaintiff a verdict against W. T. Mausker, as principal, and Cynthia Ross, as surety, the surviving widow of F. M. Ross, principal and interest, $1,527.20 in gold."  Judgment accordingly.

It was shown in evidence that Ross had at the time of his death about $1,800 in money, which his widow received, and that after his death she received $3,000 from the sales of land owned by her husband at his death.

*Mc Ginnis & Lowry*, for appellant.

*Chandler & Morris*, for appellees.

Gould, Associate Justice.—The statute provides that "where the husband or wife dies intestate, leaving no child· or children and no separate estate, the common property passes to the survivor charged with the debts of the community, and no administration is required." (Paschal's Dig., arts. 4642, 5498.)

The petition stated a case within the statute, and sufficient, in the absence of exceptions, to support a judgment subjecting the common property in the hands of Mrs. Ross to the

'plaintiff's debt, unless, as contended by appellant, it was necessary, not only to allege that she held community property, but also that it was over and above that which is reserved from forced sale under the Constitution and laws of the State. If the community property in her hands was exempt from forced sale, that was a matter of defense for her to set up, and the petition was, we think, sufficient, without any averment on that subject.

The judgment was rendered against her personally, but as there was evidence that she had disposed of the community estate to an amount in excess of the judgment, a state of facts which, under proper pleadings, would authorize a personal judgment against her, and as there is no assignment of errors covering any such question, this objection to the judgment may be considered as waived.

The assignment that the verdict of the jury is uncertain in amount, is not supported by the record. The verdict fixing the balance due on the note was responsive to the charge of the court, and was substantially a verdict against the defendants for that balance.

Other errors assigned, but not discussed in appellant's brief, need not be noticed. The judgment is affirmed.

AFFIRMED.