## A. L. GHIO V. SHUTT & EVERS ET AL.

### No. 2854.

1. **Rules as to Briefs.**—Under Rule 40 of Rules of the Supreme Court the statement of the case made in appellant's brief, not objected to, will be taken as correct.

2. **Landlord's Lien Upon Merchandise of Tenant.**—Under article 3122a, Revised Statutes, the landlord has a preference lien against the stock of a merchant tenant upon the leased premises for rents contracted for, over an attachment by a general creditor. In this case the lien was promptly asserted.

3. **Same—Practice.**—The stock of merchandise upon rented premises was seized under attachment. The landlord sued out a distress warrant to secure the stipulated rent for the current year. The goods were sold under the attachment. *Held*, that the landlord was entitled to satisfaction out of the money resulting from the sale of the stock of goods and in hands of the district clerk, in preference to the prior attachment.

ERROR from Bowie. Tried below before Hon. W. P. McLean.

The opinion gives a statement of the case.

*H. C. Hynson, F. M. Henry*, and *Henry & Henry*, for plaintiff in error.—The landlord's lien provided for in articles 3107, 3122, and 3122b, Revised Statutes, exists by force of the statute, independent of any levy

of compulsory process, and attaches to any property owned by the tenant and placed in the store house or other building rented; and such lien attaches to the goods of a merchant by force of the terms of the statute, and is not divested by virtue of a sale at one time of the entire stock. And the lien exists to secure not only the rent due at the time of such sale, but also rent which under the terms of the pre-existing contract between the landlord and tenant was afterwards to become due. Marsalis v. Pitman, 68 Texas, 624.

ACKER, Presiding Judge.—A. L. Ghio rented a store house to Shutt & Evers for a term of one year from the 1st day of March, 1884, for the sum of $2000, to be paid at the expiration of the term on the 1st day of March, 1885. Shutt & Evers moved their stock of goods into the rented house on the 1st day of March, 1884, and carried on their business there until some time in April, 1884, when F. A. Johnson sued out an attachment against them for a debt of about $12,000, under which the stock of goods was seized by the sheriff and sold under an order of the district judge on the 5th day of May, 1884, for the sum of $12,000, which the sheriff paid to Louis Alexander, clerk of the court. On the 16th day of April, 1884, Ghio sued out a distress warrant for the sum of $2000, which was levied the same day on the stock of goods while it was in the rented house, and the writ, with the levy endorsed thereon, was by the sheriff returned to the District Court. At the February Term, 1885, Johnson obtained judgment in his attachment suit and foreclosing the lien on the stock of goods.

Ghio brought this suit on the 20th day of April, 1885, against Shutt & Evers and Johnson and Alexander, the clerk, setting out the above recited matters, and alleged that Shutt & Evers were totally insolvent; that his rent claim was a prior lien on the stock of goods; that Johnson was attempting to obtain possession of the $12,000 in the hands of the clerk for the purpose of withdrawing it from the custody of the court; that Alexander as clerk was threatening to pay the money to Johnson, and unless he secured the payment of his claim for rent out of the proceeds of the sale of the goods he would be without remedy. He prayed for injunction against Johnson and Alexander, restraining the one from paying and the other from receiving the $12,000, proceeds of the sale of the goods, and for judgment against Shutt & Evers for the rent and enforcing his landlord's lien therefor against the proceeds of the sale of the goods. The writ of injunction was issued and served on the 25th day of April, 1885, and on the 10th day of July, 1885, the injunction was dissolved and Johnson required to execute a refunding bond to Ghio in the sum of $4000, which he did on the 12th day of July, 1885, with Mary Evers and J. H. Brantley as sureties thereon, conditioned that Johnson

would refund to Ghio the amount of money, interest and cost, that might be adjudged to him in the cause.

The trial, March 10th, 1886, without a jury, resulted in judgment in favor of plaintiff Ghio against Shutt & Evers for $2160, amount of rent and interest, and that Ghio take nothing as against Johnson and Alexander, from which this writ of error is prosecuted.

There is no appearance here for defendants in error, and we take the plaintiff in error's brief as a proper presentation of the case. Rules Supreme Court, No. 40.

The assignments of error presented that we think it necessary to consider are:

"1. The court erred in its conclusion of law, 'that the plaintiff, A. L. Ghio, did not have a lien upon the stock of goods and hardware, and the proceeds of the sale thereof, to secure his said debt for the rent of said house and premises.'

"2. The court erred in not establishing and foreclosing the plaintiff's landlord's lien upon said stock of goods and the proceeds of the sale thereof."

Article 3122a of our Revised Statutes provides "that all persons leasing or renting any residence or store house or other building shall have a preference lien upon all the property of the tenant in said residence or store house or other building for the payment of rents due and that may become due, and such lien shall continue and be in force so long as the tenant shall occupy the rented premises and for one month thereafter."

The lien of the landlord, Ghio, against the stock of goods of his tenants, Shutt & Evers, to secure the payment of the rent which the tenants contracted to pay for the term was fixed and secured to him by this statute. On dissolution of the injunction the judge required Johnson, the attaching creditor, to execute a refunding bond, as required by article 2892 of the Revised Statutes, payable to Ghio, as a condition precedent to his receiving from the clerk of the court the proceeds of the sale of the stock of goods against which the landlord, Ghio, had his statutory lien.

It clearly appearing that Ghio had his landlord's lien against the stock of goods, we think that on the final trial of the case he was entitled to have judgment rendered in his favor against Johnson and his sureties on his refunding bond for the amount of rent shown to be due to him by the tenants, Shutt & Evers, and for which the statute gave him a lien against the stock of goods, the proceeds of the sale of which Johnson received by virtue of the dissolution of the injunction and the execution of his refunding bond.

There appearing no controversy or question as to the amount of rent due by Shutt & Evers to Ghio, we are of opinion that the judgment in his favor against them for $2160 should be affirmed, and that the judgment against Ghio in favor of Alexander should also be affirmed, but that

the judgment in favor of Johnson against Ghio should be reversed, and that judgment should be here rendered in favor of plaintiff in error, A. L. Ghio, against F. A. Johnson as principal and Mary Evers and J. H. Brantley as sureties on his refunding bond for the sum of $2160, the amount of the judgment for the rent, with interest thereon at 8 per cent per annum from the 10th day of March, 1886, the date of said judgment, and for all costs.

*Reversed and rendered.*

Adopted November 11, 1890.

Motion for rehearing was submitted by *John M. Duncan*. The motion was overruled.