## H. B. CLAFLIN & CO. V. ANNA PFEIFER ET AL.

### No. 3348.

**Appeal by Intervenor Upon Cost Bond.**—Suit by Anna Pfeifer joined by husband against Emme for half-interest in certain personal property converted by Emme. The defendant pleaded that the property was claimed by Claflin & Co., and asked that they be impleaded. Claflin & Co. intervened. They had seized the property under attachment. On trial the plaintiff recovered against the defendant, and the judgment was against intervenors. The intervenors appealed, giving only bond for costs. Pending the appeal plaintiff sued out execution against the defendant, which was satisfied. On the appeal the judgment against Claflin & Co. was reversed and the property declared subject to their claim. The defendant then pleaded his payment of the judgment. The plaintiff admitting payment dismissed her suit as to the defendant. Trial was had resulting in judgment against the intervenors, who appealed.  *Held:*

1. The payment under execution discharged the defendant against intervenors as well as plaintiff.

2. Had intervenors desired protection without a supersedeas bond, they could have been aided by an injunction, or by an order requiring the money to be deposited in court.

3. But the intervenors having requested such equitable relief as they might be entitled to, and having shown that the property was subject to their attachment lien, they are entitled to judgment against the plaintiff for the sum and interest she recovered from the defendant.

4. Upon the facts judgment below was reversed and here rendered for intervenors against the plaintiffs and against the separate property of Mrs. Anna Pfeifer.

ERROR from Galveston. Tried below before Hon. WM. H. STEWART. The opinion states the case.

*Scott, Levi & Smith,* for plaintiffs in error.—Where a personal judgment is rendered against a stakeholder or a quasi stakeholder in favor of one of two litigants for the fund in his hands, it is not required that the defeated litigants should give a supersedeas bond to protect his rights against the stakeholder pending appeal; nor is such bond required to protect the stakeholder from paying the same debt twice. He can protect himself by paying the amount adjudged against him into the registry of the court, in which event the appellant to hold it there might be required to give a supersedeas bond. Emme (who did not complain of the judgment of the court against him), instead of paying the money into court, satisfied the judgment by paying it on execution. The judgment having been reversed, the fact of such payment was no bar to the assertion of intervenors' rights.

*McLemore & Campbell,* for defendant in error Emme.

GARRETT, PRESIDING JUDGE, *Section B.*—Anna Pfeifer, joined by her husband Gustave Pfeifer, brought suit in the District Court of Gal-

veston County, December 21, 1888, against Carl Emme, for an undivided one-half interest in certain personal property and claims, which she alleged that Emme had converted to his own use. Emme answered with a general demurrer and general denial, and specially, that H. B. Claflin & Co., of New York, claimed the identical interest or estate claimed by the plaintiff, and prayed that they be impleaded. H. B. Claflin & Co. intervened in the suit March 1, 1889. Trial was had before the court without a jury, July 27, 1889, and judgment was rendered in favor of the plaintiff against the defendant, and that the intervenors take nothing by their intervention. From this judgment the intervenors prosecuted an appeal to the Supreme Court, and the judgment of the court below was reversed and the cause remanded. 76 Texas, 469.

Intervenors prosecuted their appeal with a cost bond only, and pending the same the plaintiff sued out an execution against the defendant, and the latter paid the judgment, with interest and costs, and the execution was returned showing the satisfaction of the judgment.

After the cause had been remanded by the Supreme Court, the defendant Emme filed a supplemental answer that the judgment had been satisfied, setting up the facts that no suspensive appeal bond had been given, the issuance of the execution, and his payment of the judgment, and asked to be discharged. Intervenors excepted to this answer, and their exception was overruled.

The case was called for trial on July 8, 1891, and the plaintiffs announced that their claim had been fully paid and satisfied under execution, and declined to further prosecute the suit; and the court dismissed the suit as to the plaintiffs, and adjudged against them all costs by them incurred; and the intervenors excepted to the "judgment dismissing the case as to the said plaintiffs and requiring them to pay only the costs incurred by them." Then the case came on for trial before the court without a jury upon the same evidence which had been before the court on the former trial as an agreed statement of facts. In addition thereto, the facts set out in the defendant's supplemental answer were admitted to be true. Judgment was rendered against the intervenors H. B. Claflin & Co., that they take nothing by their suit, and that they pay all costs incurred in the case except those theretofore adjudged against plaintiffs.

It is urged by the appellants, that the facts alleged in Emme's first supplemental answer stated no ground of defense against the claim of intervenors, because Emme was a stakeholder, and it was not necessary that they should give a supersedeas bond to protect their rights against him pending appeal, nor to protect him from paying the debt twice; that it was his duty to pay the money into the registry of the court, and in order to hold it there appellants might be required to give a supersedeas bond. It is objected, that to have required a supersedeas bond of the appellants would have forced them to become guarantors

of Emme's solvency to the plaintiffs, inasmuch as the bond would have had to be executed payable to the plaintiffs as well as the defendant, and appellants would have become bound for the payment of the judgment if it should have been affirmed by the Supreme Court.

Appellants took no steps whatever to invoke the equity powers of the court to require the payment of the money into the registry of the court to abide the issue, and made no offer to execute a bond for that purpose. Even afterward by showing the insolvency of the plaintiff they might have stayed the execution of the judgment by injunction. There was a judgment in force against the defendant Emme; execution had been awarded thereon; appellants had been cast in their intervention and had appealed with only a bond for costs, which does not have the effect to suspend the execution of the judgment. A compliance with the judgment of the court by payment of the money in satisfaction of the execution operated as a discharge of Emme. If appellants feared to risk the solvency of the plaintiffs or of Emme, it was their duty to have appealed to the equity powers of the court and secured some order with respect to the disposition of the fund that would have protected them.

Although the plaintiffs were permitted by the court to dismiss their suit against the defendant Emme, still they were parties defendant to the appellants' petition in intervention, which set up their title to the goods in controversy by attachment and sale of the interest of Gustave Pfeifer therein, and alleged that the same had been fraudulently conveyed by the said Gustave Pfeifer to his wife, the plaintiff Anna Pfeifer, to delay and defraud the creditors of said Gustave Pfeifer; and prayed judgment against said Carl Emme for the value of the goods and against the plaintiffs that they take nothing by their suit, and for all costs and such general and equitable relief as intervenors might be entitled to. The evidence in the case was the same as that on the former trial, which, as was held by the Supreme Court, showed the property to be subject to the attachment.

Appellants have assigned as error the rendering of judgment against them, because the evidence introduced and heard on the trial of the case was identical with the evidence introduced and heard on the former trial, which had been held on the former appeal to entitle the appellants to judgment.

As we have seen, the defendant Emme was properly discharged, because he had satisfied the judgment against him by satisfaction of the execution; but we think the appellants' prayer for "such general and equitable relief as intervenors might be entitled to" sufficient to have authorized the court to follow the funds into the hands of the plaintiffs to whom it had been wrongfully paid, if we should determine that upon the facts the intervenors would have been entitled to judgment for the property. We do not think it is necessary or proper for us to

again examine the facts, the court having held on the former appeal, upon the identical facts, that the property was subject to the attachment in favor of intervenors, and we now so hold. We think, therefore, that the court should have rendered judgment against the plaintiffs for the amount of the judgment collected by them from the defendant Carl Emme, viz., $749.33, with interest at the rate of 8 per cent per annum from the date of said judgment, July 27, 1889, to the date of its payment by said Emme, August 20, 1889, and with legal interest from that date and for all costs of suit; and that execution should run against the separate estate of the said Anna Pfeifer as well as the community estate of herself and the said Gustave Pfeifer.

The judgment of the court below should be affirmed as to the said Carl Emme; and as to the said Anna Pfeifer and her husband, Gustave Pfeifer, it should be reversed and here rendered in accordance with this opinion.

*Reversed and rendered.*

Adopted March 15, 1892.