## WAPLES–PLATTER GROCER COMPANY V. BASHAM BROS.

### No. 1726.

1. **Attachment for Attorney Fees—Unliquidated Damages.**—Where the draft sued on stipulates for payment of reasonable attorney fees in case of collection by an attorney, a claim for such fees, in a stated amount, is a sufficiently liquidated demand to support an attachment therefor.

2. **Attachment—Debt Not Due—Motion to Quash.**—That the debt sued on by attachment is not due, such fact not being apparent from the record, is a defense that can not be made available by motion to quash the attachment.

3. **Same—Plea.**—It seems that such defense could not be presented by plea in abatement, the remedy being by plea in reconvention for damages, or by suit for damages against plaintiff in attachment and the sureties on his bond.

APPEAL from the County Court of Clay.    Tried below before Hon. F. J. BARRETT.

*Stine, Chestnutt & Hurt*, for appellants.—1.    A suit upon a draft which provides for reasonable attorney's fees to be paid in the event the draft is collected by an attorney, such as that sued on in this case, is not a suit for an unliquidated demand, but is such a demand as will support a writ of attachment.    69 Texas, 282; 64 Texas, 199.

2.    The court erred in hearing evidence upon the motion to quash, and in deciding upon said evidence that a part of the debt was not due, and for that reason quashing the writ of attachment, the petition and affidavit showing the whole of said debt to be due, because the allegations in the petition and affidavit for attachment were conclusive, and defendants could not dispute them by such motion.    69 Texas, 411; 74 Texas, 589; 19 Texas, 297; 25 Texas, 25; 85 Texas, 557; 75 Texas, 275; 2 Texas Civ. App., 346; 6 Id., 451.

*R. D. Welborne*, for appellee, on motion.

No brief for appellee reached the Reporter.

TARLTON, CHIEF JUSTICE.—The appellant, as plaintiff, brought this suit in debt and attachment on December 4, 1892, against the appellees, Basham Bros., as defendants. The plaintiff sought to recover various items of merchandise set out in its petition, and alleged to have been sold and delivered by it to the defendants. It also declared upon a draft drawn by it upon the appellees, and duly accepted by them on November 25, 1892, for the sum of $200, the draft containing a stipulation that the appellees would further pay reasonable attorney's fees in case of collection by an attorney.

The appellant alleged the failure by the appellees to pay the draft, and that it was compelled to employ attorneys to collect the draft, and to pay the sum of $25 for that purpose, and that this sum was reasonable as attorney's fees. The petition alleged the whole debt to be due, and as in the sum of $522.91, including the sum of $25 as attorney's fees.

On December 4, 1892, appellant made affidavit that the appellees, W. F. Basham and W. R. Basham, composing the firm of Basham Bros., are justly indebted to the plaintiff (appellant) in the sum of $522.91; that defendants have disposed of their property in part, with intent to defraud their creditors; that this writ of attachment now applied for is not sued out for the purpose of injuring or harassing the defendants; that the plaintiff will probably lose its debt unless such attachment is issued. The appellant on the same day executed and filed its attachment bond, in compliance with the statute, for the sum of $1100. A writ of attachment was thereupon issued and levied upon a stock of goods as the property of the appellees.

The trial court sustained a motion to quash this attachment, on two grounds: 1. That the attorney's fees were an unliquidated demand, that no attorney's fees were to be paid unless the draft was collected by attorney, and that it has not been collected. 2. That certain items sued for were not in fact due at the institution of this suit.

We hold the action of the court to have been erroneous on both of the grounds suggested.

1. In this case the demand asserted was, in our opinion, under the contracts stated in the petition, shown to be so clearly ascertainable as to enable the plaintiff to allege it in the affidavit for attachment. It is to be regarded as a liquidated demand. For our views upon this subject, see Stiff v. Fisher, 2 Texas Civil Appeals, 346.

2. The trial court permitted evidence to be introduced, in support of the averments of the motion to quash, that the entire debt was not due. If this question, by way of assault upon the attachment proceedings, could be at all inquired into, which we do not decide, such inquiry would have to be founded upon a *plea* in abatement, and not upon a motion (in the nature of a demurrer) to quash; and this because the fact that the debt was not due is not, in a case like the present, apparent upon the record, but exists extrinsically. Messmer v. Lewis,

20 Texas, 225. In this instance, no plea in abatement questioning the correctness of the averments of the affidavit was filed.

It has, however, been held by a line of decisions beginning with Cloud v. Smith, 1 Texas, 611, that the truth of an affidavit for attachment can not be traversed for the purpose of dissolving the process, the remedy of the defendant being against the attaching creditor and the sureties on his bond, by way of an action for damages, or a plea in reconvention. Dwyer v. Testard, 65 Texas, 431; Bateman v. Ramsey, 74 Texas, 589.

The action of the court was correct in adjudging the plaintiff entitled to recover the amount sued for; but on account of the error pointed out, it becomes our duty to remand the cause, with instructions to the court below to render judgment for the plaintiff for the amount sued for, and to foreclose the attachment lien, subject to the "claim case" of Waples-Platter Grocery Company v. W. D. Slayton, claimant, in which we have this day awarded a new trial to be had in the court from which this appeal has been prosecuted.

*Reversed and remanded.*

Delivered February 27, 1895.