### H. E. Polk, Intervener, v. King & Bryan et al.

Delivered November 12, 1898.

**1. Landlord's Lien.**

A landlord has a preference lien upon the property of his tenant, under article 3235 of the Revised Statutes, for rent and advances, and such lien exists independently of the distress warrant which the landlord is entitled to sue out in order to preserve the lien.

**2. Same—Intervention to Protect Lien.**

A landlord may, for the purpose of preserving his statutory landlord's lien and having the question of its priority determined, intervene in a suit for the foreclosure of a chattel mortgage on the property covered by the lien. Rev. Stats., art. 1188.

**3. Same—Requirement of Bond.**

A landlord who intervenes in an action to foreclose a chattel mortgage for the purpose of protecting his landlord's lien, is not entitled to an order requiring the sheriff, upon a sale of the property pending an appeal from an order striking out the plea of intervention, to turn the proceeds into the registry of the court, and to require plaintiffs, if they desire to receive the proceeds, to file a bond for their return if the appeal succeeds, in the absence of anything to show that plaintiffs are insolvent.

Appeal from Cass. Tried below before Hon. J. M. Talbot.

*Figures & Pruitt,* for appellant.

*O'Neil & Culberson,* for appellee.

BOOKHOUT, Associate Justice.—On November 19, 1897, King & Bryan instituted suit in the District Court of Cass County, Texas, against B. H. Westmoreland upon an open account for goods, wares, and merchandise in the sum of $346.16, and for the foreclosure of a chattel mortgage upon certain crops of cotton and corn, and on the same day sued out a writ of sequestration which was on the 19th day of November, 1897, levied by the sheriff of Cass County upon 10,168 pounds of seed cotton, 382 bushels of corn, and 378 pounds of fodder. On the 14th day of December, 1897, H. E. Polk, the appellant herein, filed in this cause a plea of intervention, alleging that the defendant B. H. Westmoreland was his tenant, and was due him a balance for rent and supplies for the year 1897, the sum of $236.48, and alleging the seizure and removal of the crops of cotton and corn from the rented premises by the sheriff of Cass County, Texas, under and by virtue of the writ of sequestration sued out by the plaintiffs in this cause, and that at the time of the seizure and removal of said crops he had a valid and subsisting preference lien thereon to secure him in the amount due him for rent and supplies and prayed that his landlord's preference lien be foreclosed as against both the plaintiffs and the defendants, and that the crops be decreed to be sold, and the proceeds thereof be applied first to the payment of the amount due him for rent and supplies. The crops remained in the hands of the sheriff from the date of their seizure, November 19, 1897, until the date

of the trial of this cause, February 11, 1898. The plaintiffs on said 11th day of February, 1898, interposed a demurrer to the intervention of the landlord, H. E. Polk, appellant herein, which was by the court sustained, and the plea of intervention dismissed from the cause, and the cause then proceeded to trial and final judgment as between plaintiffs and defendant, and the chattel mortgage of plaintiffs was foreclosed and the crops ordered sold. H. E. Polk, intervener, in due time filed his motion to reinstate his plea of intervention, and grant him a new trial, which motion was by the court overruled on the 23d day of February, 1898, to which ruling the said intervener in open court excepted and gave notice of appeal, and has perfected his appeal to this court. Upon the court's overruling of appellant's motion to reinstate his plea of intervention, he thereupon filed a motion to require the sheriff upon the sale of the crops to pay the proceeds of such sale into the registry of the court to await the result of the appeal of intervener, or that the plaintiffs, in case they desired to replevy the proceeds, be required to execute a good and sufficient bond in double the value of the proceeds of sale of said crops, which motion was by the court overruled, to which ruling the intervener excepted.

*Opinion.*—The principal question in this case for our consideration is, did the court err in striking out the intervention of appellant, H. E. Polk? King & Bryan instituted this suit against Westmoreland upon an open account secured by a chattel mortgage upon a crop of cotton and corn raised by said Westmoreland upon the place rented by him from H. E. Polk. King & Bryan prayed judgment for their debt and foreclosure of the chattel mortgage. H. E. Polk filed his plea of intervention, alleging that he was the owner of the land upon which the cotton and corn were raised; that he rented the same to Westmoreland for the year 1897, and that there was due him for rent for said farm and for advances made by him to raise the crop the sum of $236; and that by law he had a prior lien upon the corn and cotton, prior in right to the chattel mortgage of King & Bryan. He prayed judgment for his debt against Westmoreland, and that his lien be declared a prior lien to the chattel mortgage and foreclosure. These pleadings allege the issuance of a writ of sequestration in favor of King & Bryan, and that the property had been seized and removed from the rented premises by the sheriff by virtue of said writ of sequestration. King & Bryan excepted to the plea of intervention and moved to dismiss the same, because the intervener, Polk, had no interest in the subject matter of the suit, and that his remedy was an independent action. The court sustained the exception and struck out the plea of intervention, and proceeded with a trial between the original parties to the suit. Upon the refusal of the court to reinstate the intervention, the intervener, Polk, perfected an appeal to this court.

By article 3235 of the Revised Statutes, the landlord has a preference

lien upon the property of the tenant "for any rent that may become due and for all money and the value of all animals, tools, provisions, and supplies furnished by the landlord to the tenant to enable him to make a crop on such premises." The lien is created by the statute, and exists independent of the distress warrant which the landlord is entitled to sue on in order to preserve his lien. Boucier v. Edmondson, 59 Texas, 675.

In the case before us the property upon which appellant held a landlord's lien had at the time of the intervention been removed from the rented premises and was in possession of the officer by virtue of the levy of plaintiffs' (King & Bryan's) writ of sequestration, and it seems that the intervener was in danger of losing his lien. In this condition of the property, the reasoning of Mr. Chief Justice Willie in Boucier v. Edmondson has special application. In that case he propounds the following question: "In case the mortgagee has himself first commenced the suit, is the landlord to be debarred of his right to intervene and assert his preference claim because at such a stage of the proceedings he could not proceed by distress? And would it not be a singular doctrine that, if the litigation could be kept up until after the expiration of thirty days from the removal of the property from the premises, the landlord's rights would be compelled to yield to the deferred lien, no matter how superior it otherwise might have been?" 58 Texas, 679.

We are of the opinion that under the facts in this case H. E. Polk had the right to intervene in the suit of King & Bryan against B. H. Westmoreland then pending, to preserve his landlord's lien and have the question of the priority of his lien over that of King & Bryan determined in that suit. It follows that the court erred in sustaining the appellees' motion to strike out and dismiss the plea of intervention. Sayles' Civ. Stats., 1897, art. 1188; Boucier v. Edmondson, supra; Sullivan v. Cleveland, 62 Texas, 677 (opinion on bottom page 681); Temple v. Gresham, 61 Texas, 50; Boltz v. Engelke, 43 S. W. Rep., 47; Constantine v. Freache, 43 S. W. Rep., 1045; Reavis v. Moore, 20 S. W. Rep., 955; Harris v. Tenney, 20 S. W. Rep., 82; Clafflin v. Pfeifer, 84 Texas, 23; Ghio v. Shutt & Evers, 78 Texas, 375; Pool v. Sanford, 52 Texas, 621 (opinion on page 632); Slack v. Koon, 39 S. W. Rep., 26.

The court did not err in overruling the motion of the intervener to require the sheriff, upon the sale of the cotton and corn during the pendency of intervener's appeal, to turn the proceeds into the registry of the court to await the result of such appeal, and to require the plaintiffs, in the event they desired to receive the proceeds, to file with the clerk a good and sufficient bond to secure its return, in the event of the successful prosecution of such appeal.

The motion does not show that King & Bryan were insolvent. If the appellant's motion had shown that King & Bryan were insolvent, and that he was in danger of losing his security by the execution of the judgment during the pendency of the appeal, and he had offered to execute a bond

to indemnify them against loss, then the court should have made the order. Clafflin v. Pfeifer, 84 Texas, 25.

For the first error pointed out, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*