## CRUTCHER v. WOLFE et al. (No. 169.)

(Court of Civil Appeals of Texas. Waco.
Feb. 19, 1925.)

1. **Landlord and tenant ⬅273(2)—Judgment held properly entered against sureties on bond given by claimant of cotton subject to landlord's lien though citation not served.**

In action to enforce landlord's lien on cotton, judgment *held*, under Rev. St. arts. 7774, 7788, and 7790, properly entered against sureties on claimant's bond, though no citation had been served on them.

2. **Justices of the peace ⬅191(4)—Judgment of county court on appeal from justice of peace held properly entered against sureties on appellant's bond without notice or citation.**

Judgment of county court on appeal from judgment of justice of peace *held* properly entered against sureties on appellant's bond, though no notice or citation was given.

3. **Landlord and tenant ⬅243—Landlord's lien is statutory and exists independent of distress warrant.**

Landlord's lien is statutory and exists independent of distress warrant.

4. **Landlord and tenant ⬅243—Quashing of distress proceeding for defect therein does not affect landlord's lien.**

If distress proceeding is defective, remedy is to quash and quashing does not affect landlord's statutory lien.

5. **Judgment ⬅426—Irregularities in justice court not affecting jurisdiction or regularity of appeal do not warrant enjoining enforcement of judgment of county court on appeal.**

On appeal from justice court, trial in county court is de novo, and irregularities in justice court which do not affect jurisdiction of that court or regularity of appeal to county court do not constitute grounds for enjoining enforcement of judgment of county court.

6. **Justices of the peace ⬅141(2)—County court on appeal from justice court acquires no jurisdiction if justice court had none.**

County court on appeal from justice court acquires no jurisdiction if justice court had none.

7. **Justices of the peace ⬅44(2)—Lack of proper return on distress warrant held not to defeat jurisdiction of justice court to enforce landlord's lien.**

Failure of officer levying distress warrant to make return, required by Rev. St. arts. 7773, 7777, *held* not to affect jurisdiction of court to enforce landlord's statutory lien, where face of bond conclusively establishes that amount involved is within jurisdiction of justice court.

8. **Justices of the peace ⬅54(1)—Irregularities in proceeding to enforce landlord's lien held not to affect jurisdiction of justice of peace over parties or subject-matter.**

That justice of peace failed to put his file mark on affidavit and bond of claimant of cotton in proceeding to foreclose landlord's lien thereon, and that case between landlord and claimant was not docketed until after trial, *held* mere irregularities not affecting jurisdiction over parties or subject-matter nor validity of judgment.

9. **Judgment ⬅426—Sureties on bond of claimant of property held bound by claimant's agreement to trial of cause by particular justice and not entitled to enjoin enforcement of judgment.**

Where claimant of cotton in proceeding to enforce landlord's lien thereon agreed to trial of cause by other than regular justice, such

agreement was binding on sureties on his bond given in obtaining possession of cotton involved, and furnished no ground for enjoining enforcement of judgment of county court on appeal from justice court after two trials in that court.

**10. Judgment  ⊚⟶460(1)—Petition in suit to enjoin enforcement of judgment held insufficient.**

Petition in suit to enjoin enforcement of judgment, against claimant of cotton subject to landlord's lien, brought by sureties on bonds given by claimant, *held* insufficient for failure to allege that injustice had been done plaintiffs by judgment sought to be enjoined, and for failure to allege that plaintiffs had meritorious defense and had used diligence to present it.

**11. Judgment  ⊚⟶461(3)—Evidence held insufficient to warrant enjoining enforcement of judgment.**

Evidence *held* insufficient to warrant enjoining enforcement of judgment against claimant of property subject to landlord's lien.

**12. Judgment  ⊚⟶407(1) — Enjoining enforcement of judgment held erroneous in view of adequate legal remedy.**

Where time for appeal from judgment against claimant of cotton in proceeding to enforce landlord's lien had not expired, when suit to enjoin enforcement of such judgment was instituted, *held* judgment enjoining enforcement was erroneous, plaintiffs having legal remedy.

Appeal from Limestone County Court; H. F. Kirby, Judge.

Suit by H. N. Wolfe and others against W. A. Crutcher to enjoin enforcement of judgment against J. H. Rogers on whose bonds plaintiffs were sureties. From judgment for plaintiffs, defendant appeals. Reversed, and rendered.

E. G. Lloyd, Jr., of Groesbeck, for appellant.

Ira Lawley, of Groesbeck, for appellees.

### Statement of Case.

STANFORD, J. This controversy originated in the justice court in Limestone county, when W. A. Crutcher sued his tenant, Ben Welch, for rents and advancements, and procured the levy of a distress warrant on a bale of cotton, on which he claimed the landlord's lien. Ben Welch, though duly cited, made no appearance, and judgment was rendered against him by default for said rents and a foreclosure of the landlord's lien. In the meantime, J. H. Rogers presented, to the officer who made said levy, his affidavit and bond for said bale of cotton. The officer returned over said bale of cotton to Rogers, and made due return of said affidavit and bond to the justice court, in which said original case was pending, and said court

docketed said cause, "W. A. Crutcher v. J. H. Rogers et al." This cause for trial of the right of property in said bale of cotton was tried, and judgment rendered in favor of W. A. Crutcher against J. H. Rogers, and H. N. Wolfe and H. W. Ahlers, sureties on his claimant's bond, for said bale of cotton, or its value. From this judgment, J. H. Rogers appealed to the county court of Limestone county by giving an appeal bond, with H. W. Ahlers and Sam Wiley as sureties. On June 26, 1922, none of the defendants appearing, judgment was rendered in favor of W. A. Crutcher and against J. H. Rogers, and H. W. Ahlers and Sam Wiley, sureties on the appeal bond, and H. N. Wolfe and H. W. Ahlers, sureties on the claimant's bond, for said bale of cotton, or its value, $100. Upon motion for a new trial, on July 7, 1922, this judgment was set aside and a new trial granted. On December 23, 1922, the case was tried again before a jury, and judgment rendered in favor of W. A. Crutcher against J. H. Rogers, and H. W. Ahlers and Sam Wiley, sureties on his appeal bond, and H. N. Wolfe and H. W. Ahlers, sureties on his claimant's bond, for said bale of cotton, or its value, $100.

Motion for a new trial was filed, which was overruled December 30, 1922, and notice of appeal given to the Court of Civil Appeals for the Fifth Supreme Judicial District at Dallas, Texas, and 60 days granted within which to file statement of facts and bills of exceptions. On February 23, 1923, J. H. Rogers and the several sureties filed a motion to retax costs, which said motion was granted. On February 24, 1923, said H. W. Ahlers, Sam Wiley, and H. N. Wolfe, appellees herein, filed a motion for, and secured, a further extension of 30 days' time in which to file bills of exceptions and statement of facts, etc.

On February 26, 1923, the sureties on the two bonds appellees herein, presented to the county court, the same judge before whom the case had been twice tried, their petition for injunction to restrain W. A. Crutcher from enforcing said judgment. A temporary restraining order was granted, and this injunction suit docketed, "H. N. Wolfe et al. v. W. A. Crutcher," and, on December 17, 1923, on the hearing before the court without a jury, this temporary injunction was made permanent, perpetually restraining W. A. Crutcher from enforcing payment of his judgment in the county court against J. H. Rogers, and H. W. Ahlers and Sam Wiley, sureties on the appeal bond, and H. N. Wolfe and H. W. Ahlers, sureties on the claimant's bond. Hence this appeal by W. A. Crutcher.

### Opinion.

[1] Appellees, H. W. Ahlers and H. N. Wolfe, in their petition for injunction, al-

---

⊚⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(269 S.W.)

leged that in the cause of W. A. Crutcher v. J. H. Rogers et al., No. 27 in the justice court, and in the same cause, No. 471 in the county court, they were not properly before said courts, and hence no judgment could be rendered against them, because they had not been served with citation, etc. But they, by signing the claimant's bond for J. H. Rogers, submitted themselves to the jurisdiction of said courts, and authorized judgments to be rendered against them without further notice, in case J. H. Rogers failed to establish his right to said property. Revised Civil Statutes, arts. 7774, 7788, and 7790.

[2] Appellees, H. W. Ahlers and Sam Wiley, also contend in their petition for injunction that said judgment in the county court was void, because rendered against them without any service or notice of any kind upon them, etc. But these two appellees signed the appeal bond for J. H. Rogers in his appeal from the justice court, and, by so doing, they submitted themselves to the jurisdiction of the county court, so that judgment could be rendered against them without any further notice or citation. Cotulla v. Goggan, 77 Tex. 33, 13 S. W. 742; Franks v. Ware (Tex. Civ. App.) 24 S. W. 349; Hensel v. Kaufmann (Tex. Civ. App.) 40 S. W. 819; T. & B. V. Ry. Co. v. Voss (Tex. Civ. App.) 160 S. W. 663; Knox et al. v. Horne, et al. (Tex. Civ. App.) 200 S. W. 259.

Appellees' petition for injunction, with exhibits attached, consists of 27 pages of the transcript, and the principal part of said petition consists of complaints of alleged errors and irregularities alleged to have been committed in the justice court in the case of Crutcher v. Welch and Crutcher v. Rogers, such as, that the distress warrant was void because it was not shown therein, or in the officer's return, what disposition was made of the cotton, or to what court the distress warrant was returned or what disposition was made of the distress warrant; that the affidavit for the distress warrant was defective, etc., and that for such reasons W. A. Crutcher had waived his lien and is estopped from asserting it.

[3, 4] The landlord's lien is a statutory lien, created by statute, and exists independent of the distress warrant, which is only a means of securing the property until the lien can be foreclosed. If any part of the distress proceeding was defective, appellees' remedy was to quash same, and if such proceeding had been quashed, such action on the part of the court would not have affected the landlord's lien. Templeman v. Gresham, 61 Tex. 50; Newman v. Ward (Tex. Civ. App.) 46 S. W. 868; Polk v. King et al., 19 Tex. Civ. App. 666, 48 S. W. 601.

[5] All of these alleged irregularities in the justice court, which in no way affected the jurisdiction of said court, or the regularity of the appeal to the county court, are wholly immaterial, and constitute no grounds for enjoining the county court judgment. The trial is de novo in the county court. The county court does not sit as a court of errors for the correction of errors of the justice court, but entertains the case for the purpose of a new trial on its merits. Perry v. McKinzie et al., 4 Tex. 154; I. & G. N. Ry. Co. v. Philips, 63 Tex. 592; Sheldon v. City of San Antonio, 25 Tex. Supp. 178.

[6, 7] From his findings of fact and conclusions of law, we infer the trial court concluded that because the claimant's oath and bond were never filed in the justice court with the distress warrant, and because the return on the distress warrant failed to show that the property levied on had been surrendered to the claimant, and stating the value of said property, that it affirmatively appeared that the justice court had no jurisdiction, and so the county court could acquire none on appeal. It is true if the justice court had no jurisdiction then the county court could acquire none on appeal. But did not the justice court have jurisdiction? Article 7773, Revised Civil Statutes, provides:

"The sheriff or other officer receiving such oath and bond shall endorse on the writ that such claim has been made and oath and bond given, stating by whom, and shall also endorse on such bond the value of the property as assessed by himself, and shall forthwith return such bond and oath to the proper justice or court having jurisdiction to try such claim, as hereinafter provided."

It was the duty of the officer levying the distress warrant in this case, as a part of his return on same, to state that claim had been made to the bale of cotton and oath and bond given, stating by whom, the name of the sureties, and to what justice or court the bond had been returned, and forthwith return such original writ to the justice court from which it issued. Articles 7773 and 7777. It was also his duty to indorse on the bond taken by him the value of the property as assessed by him, and forthwith return such bond and oath to the proper justice or other court having jurisdiction of the amount, as assessed by the officer, to try such claim. None of the above matters were jurisdictional, except the value of the property as fixed by the officer taking the claimant's affidavit and bond. While he did not indorse on the bond the value of the property, yet, the face of the bond shows conclusively that he did fix the value of the property at $100, so it conclusively appears the justice court which tried the case did have jurisdiction of the subject-matter of the suit—the trial of the right to the bale of cotton. Carney v. Marsalis, 77 Tex. 62, 13 S. W. 636; Leman v. Borden, 83 Tex. 620, 19 S. W. 160; Deware v. Wichita Mill

& Elevator Co., 17 Tex. Civ. App. 394, 43 S. W. 1047.

The distress warrant was returned to the court issuing it and placed among the papers in the original cause, No. 16, of Crutcher v. Ben Welch. It was wholly immaterial to J. H. Rogers and the sureties on the claimant's bond whether this writ was properly returned or not. Their rights and liabilities were determined by the provisions of the claimant's bond. Said affidavit and bond were returned to the same justice court in which the original case was filed, and was docketed, "W. A. Crutcher v. J. H. Rogers, No. 27," and was tried, and the claimant, Rogers, failing to sustain his claim to the bale of cotton, the proper judgment was rendered against him as principal and H. N. Wolfe and H. W. Ahlers as sureties on his claimant's bond. The record shows that defendant, Rogers, appeared and that said cause was tried before a jury. No notice was given to the sureties—none was necessary.

[8] And the fact that the justice failed to put his file mark on the affidavit and bond, and that the case was not docketed until after the trial, are mere irregularities that in no way affected the jurisdiction of the court over the parties defendant, the subject-matter of the suit, nor the validity of the judgment rendered.

[9] The court also finds that said cause was not tried before the regular justice, but before T. H. Hays, without consent of appellees, and for this reason the judgment was void, etc. But the record shows that William Kennedy, the regular justice of the peace, was absent from the county and that all parties plaintiff and defendant and their attorneys agreed that T. H. Hays should act as justice in trying said cause. Also, the defendants appealed from said judgment, and, after two trials in the county court and after final judgment against them, they, for the purpose of trying to show that the county court did not have jurisdiction for the first time in their application to enjoin the county court judgment, alleged that they did not agree for T. H. Hays to preside in the trial in the justice court. Rogers is not a party to this injunction suit. If Rogers made this agreement, then the judgment in the justice court was valid against him, and if valid against him, it was also valid against his sureties by virtue of the provisions of the claimant's bond and the appeal bond. There is no contention that Rogers did not make the agreement as shown by the record. In fact, for the purpose of invalidating the county court judgment, no one could be permitted to impeach the judgment of the justice court, as attempted here.

[10] The temporary injunction granted herein and the judgment of the county court making same permanent was erroneous, because there was no sufficient pleading as a basis for the same, in that there is no allegation that injustice has been done appellees by the judgment sought to be enjoined. There is no allegation that appellees have a meritorious defense and had used diligence to present it, and were prevented by the fraud, accident, or acts of the opposite parties, wholly unaffected by any fault or negligence of their own. Jordan v. Corley, 42 Tex. 284; Crawford v. Wingfield, 25 Tex. 414; Nevins v. McKee, 61 Tex. 412; Contreras v. Haynes, 61 Tex. 104; Morris v. Edwards, 62 Tex. 205; Ames Iron Works v. Chinn, 20 Tex. Civ. App. 382, 49 S. W. 665; Insurance Co. v. Berry, 33 Tex. Civ. App. 228, 76 S. W. 219.

[11, 12] The judgment of the county court perpetuating said temporary injunction was erroneous, because there was no evidence authorizing such judgment. The statement of facts, containing 89 pages, and consisting alone of copies of all the pleadings, affidavits, bonds, motions, instructions to the juries judgments, orders, and decrees in the case of W. A. Crutcher v. Ben Welch, No. 16, in the justice court, W. A. Crutcher v. J. H. Rogers, No. 27, in the justice court, and same case, No. 471, in the county court, and all pleadings of both parties in this injunction suit, No. 865, in the county court, were all introduced in evidence by agreement, but there was no agreement that the allegations in any of said pleadings were true. There was an entire want of evidence to authorize an injunction.

The judgment rendered by the county court, making permanent the temporary injunction, is erroneous, because the evidence shows affirmatively that appellees had a legal remedy. The judgment in the county court, the same judgment herein sought to be enjoined, was rendered on December 23, 1922. On the same day, Rogers filed a motion for a new trial, which was, on December 30, 1922, overruled, and due notice of appeal given, also 60 days allowed in which to file bills of exception and statement of facts. On February 23, 1923, appellees herein filed their motion to retax costs, which was granted, and, on February 24, 1923, appellees herein obtained a further extension of 30 days in which to file statement of facts and bills of exceptions, and, on February 26, 1923, presented their petition, praying for injunctive relief against the enforcement of said county court judgment, both temporary and permanent, all of which was granted. It will thus be observed that the time for appeal from the county court judgment had not expired, and appellees had more than four months in which to appeal by writ of error. It is elementary law in this state that if a litigant has a legal remedy by appeal or writ of error, he will not be permitted to resort to the equitable remedy of injunction to restrain the collection of the judgment of which he complains. Clayton v. Stephenson

(Tex. Civ. App.) 254 S. W. 507; Hamblin v. Knight, 81 Tex. 351, 16 S. W. 1082, 26 Am. St. Rep. 818; Brownson v. Reynolds, 77 Tex. 254, 13 S. W. 986; First Nat. Bank v. Curtis (Tex. Civ. App.) 244 S. W. 225; Patrucio v. Selkirk et al. (Tex. Civ. App.) 160 S. W. 635.

' It is also elementary law in this state that he who seeks equity must do, or offer to do, equity, or, in other words, he that would come into a court of equity must come with clean hands. We have here a case in which one J. H. Rogers, aided by appellees, the sureties on his claimant's bond and appeal bond, obtained possession and control of a bale of cotton on which appellant had a landlord's lien and a right to foreclose same, and after contesting appellant's said rights for two years in the justice court and county court, and until a final judgment is rendered in the county court in appellant's favor, and after notice of appeal and an extension of time is granted in which to perfect their appeal, appellees, said sureties, abandon their appeal and go into a court of equity and ask that the enforcement of the county court judgment be restrained upon alleged errors in the justice court, none of which had before been complained of, and, also, without returning, or offering to return, the bale of cotton, the possession of which was wrongfully obtained by reason of said claimant's bond. Such proceeding should not appeal to the equitable powers of any court. This is not a case for equitable relief. Neither the pleadings not the evidence entitle appellees to any injunctive relief whatever, and no amendment of the pleadings could be made that would entitle them to such relief. We reversed the judgment of the county court adjudging the judgment in cause No. 471 in the county court void, and granting said temporary injunction and making same permanent, and here render judgment in favor of the appellant, denying to the appellees any injunctive relief whatever.