(No. 4726.   July 28, 1927.)

## TWIN FALLS NATIONAL BANK, a Corporation, Respondent, v. WM. G. REED, Appellant.

[258 Pac. 526.]

ATTACHMENT — "CLAIM ON CONTRACT" — BANKS AND BANKING — NATIONAL BANKS—FOREIGN CORPORATION LAW HELD INAPPLICABLE.

1. Note fixed in amount as to principal and interest, but not fixing amount of attorney's fees provided for therein, *held* to constitute a "claim on contract" for direct payment of money, as required by C. S., sec. 6780, authorizing attachment.

2. C. S., secs. 4772, 4773, providing prerequisites to foreign corporation doing business within state, *held* inapplicable to national banks, and note executed to national bank is enforceable, under section 4775, without allegation as to compliance with such section.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. William A. Babcock, Judge.

Appeal from the order of the district court denying motion to discharge attachment. *Order affirmed.*

Sweeley & Sweeley, for Appellant.

Only a contract for the direct payment of money will support an attachment.   (C. S., sec. 6779.)

A contract for the direct payment of money means a contract that is ''absolute, unconditional, free from intervening agencies or conditions.'' (*Ross v. Goldridge Mining Co.*, 14 Ida. 687, 95 Pac. 821.)

---

Publisher's Notes.

1. See 2 R. C. L. 813.

2. Necessity for alleging compliance with domestic law, see notes in 2 Ann. Cas. 1006; 13 Ann. Cas. 70. See, also, 12 R. C. L. 101.

See Attachment, 6 C. J., sec. 104, p. 76, n. 77.
Banks and Banking, 7 C. J., sec. 585, p. 760, n. 1.
Corporations, 14a C. J., sec. 3924, p. 1214, n. 19.

Bothwell & Chapman, for Respondent.

The contract sued upon is one for the direct payment of money. The provision in the note "for the payment of reasonable dollars attorneys' fee, if the note or any part thereof is collected by an attorney either with or without suit," does not change the character of the contract. (*Finney v. Moore,* 9 Ida. 284, 74 Pac. 866; *Murphy v. Montandon,* 3 Ida. 325, 35 Am. St. 279, 29 Pac. 851; 2 R. C. L. 813; 3 Cal. Jur., p. 440, sec. 32; *Tibbet v. Sue,* 122 Cal. 206, 54 Pac. 741; *Waples-Platter Grocer Co. v. Basham,* 9 Tex. Civ. App. 638, 29 S. W. 1118.)

C. S., sec. 4775, has no application, for the respondent is not a foreign corporation. (*In re Cushing's Estate,* 40 Misc. Rep. 505, 82 N. Y. Supp. 795; 7 C. J., p. 760, sec. 584; 14a C. J., p. 1214, sec. 3924; 1 Rev. Stats., U. S. Sup., 2d ed., p. 614; *First National Bank of Owensboro v. Commonwealth,* 17 Ky. Law Rep. 1167, 33 S. W. 1105; *Hummel v. First Nat. Bank,* 2 Colo. App. 571, 32 Pac. 72.)

If it be conceded that the respondent is a foreign corporation, compliance with the statute of Idaho cannot be enforced. (C. S., sec. 4782; *Northern Pacific Ry. Co. v. Gifford,* 25 Ida. 196, 136 Pac. 1131; 2 Cooley on Taxation, p. 1863, sec. 928; *Owensboro Nat. Bank v. City of Owensboro,* 173 U. S. 664, 19 Sup. Ct. 537, 43 L. ed. 850; *Davis v. Elmiro,* 161 U. S. 275, 16 Sup. Ct. 502, 40 L. ed. 701.)

McNAUGHTON, Commissioner. — Respondent, alleging that it is a national banking corporation duly organized and existing under and by virtue of the laws of the United States with its principal place of business at Twin Falls, Idaho, where it has been and now is engaged in the business of owning, operating and conducting a national bank, sues to recover the balance due on a promissory note, providing for a reasonable attorney's fee in case of suit together with interest and costs.

The plaintiff filed its affidavit for attachment made by its counsel containing the following statement:

"That the defendant in the said action is indebted to the plaintiff in the sum of $8077.00 besides interest at the rate of eight per cent from the 24th day of June, 1924, over and above all legal setoffs and counterclaims and for reasonable attorneys' fees upon a contract for the direct payment of money, to-wit: Upon a promissory note with interest amounting to, at this date the sum of $545.04 and reasonable attorneys' fees in the sum of $1,000.00."

Upon this affidavit and a bond the writ issued and certain of defendant's property was attached. Defendant moved to discharge the attachment. This motion was denied and the case is on appeal from the order denying the motion to discharge the attachment.

Two assignments are made: (1) That the contract sought to be made the basis of the attachment is not a contract for the direct payment of money because the amount of the attorneys' fees is not fixed; (2) that the contract is unenforceable under C. S., sec. 4775, for want of an allegation in the complaint that plaintiff has complied with C. S., secs. 4772 and 4773, authorizing foreign corporations to do business in Idaho.

Neither assignment is well taken. On the first assignment no case or authority has been cited holding a promissory note providing for reasonable attorneys' fees in case of suit or action is not a contract for the direct payment of money, and we are unable to find any.

[1] C. S., sec. 6780, provides that the writ may issue upon affidavit specifying the amount of the indebtedness over and above all legal set-offs and counterclaims, and whether upon a judgment or upon a contract for the direct payment of money. Clearly, a negotiable promissory note, such as is sued upon in this case, is a contract for the direct payment of money and this characteristic is not destroyed by the provision for a reasonable attorneys' fee in case of suit or action, for it still remains an unconditional promise for the direct payment of money. True, it is fixed in amount as to the principal and interest, and is to be fixed in amount as to the attorneys' fees by the evidence in the

case. Nevertheless, it is a claim on contract for the direct payment of money as required by the statute. (*Tibbet v. Sue*, 122 Cal. 206, 54 Pac. 741; *Waples-Platter Grocer Co. v. Basham*, 9 Tex. Civ. App. 638, 29 S. W. 1118.)

**[2]** C. S., secs. 4772 and 4773, are intended to apply to foreign corporations, not to national banks organized and doing business in Idaho under acts of Congress. Such corporations, while not created under the laws of the state legislature, are lawfully created in this state and authorized to do business in this state under the laws sovereign in this state.

We recommend that the judgment be affirmed, with costs to respondent.

Varian and Brinck, CC., concur.

PER CURIAM.—The foregoing is approved as the opinion of the court, and the judgment is affirmed, with costs to respondent.