AUSTIN, State Banking Commissioner, v. FIELDS. (No. 362.)

Court of Civil Appeals of Texas. Eastland. Nov. 4, 1927.

Rehearing Denied Dec. 16, 1927.

1. **Landlord and tenant** ⊜⟹270(19)—**That tenant's property levied on was exempt as tools of trade constitutes no proper ground for quashing distress warrant.**

Distress warrant cannot be quashed on ground that property levied on was exempt to tenant as tools of trade, since office of motion to quash is to point out that statutory steps have not been taken and not to raise issue of fact as to whether writ was levied on property subject to lien.

2. **Landlord and tenant** ⊜⟹270(19)—**Distress warrant can be quashed only for intrinsic defect or one appearing on face of proceedings.**

Extraordinary writs created by statute, such as distress warrant, cannot be quashed because of an extrinsic defect, but only for some intrinsic defect or one which appears on face of proceedings.

3. **Landlord and tenant** ⊜⟹262(¼)—**Foreclosure of landlord's lien should not be refused because "distress warrant" is quashed.**

Quashing of distress warrant is not ground for refusing to foreclose landlord's lien, since such lien is created by statute and not by service of "distress warrant," which is to secure and preserve property till lien can be foreclosed.

4. **Landlord and tenant** ⊜⟹262(3)—**Tenant attacking landlord's lien on ground that property was exempt as tools of trade must plead such exemption (Rev. St. 1925, art. 5238).**

In action to foreclose landlord's lien, given by Rev. St. 1925, art. 5238, tenant is not entitled to introduce evidence that property was

exempt as tools of trade, where answer consisted of demurrers and general denial and exemption was not pleaded, except in motion to quash distress warrant, since exemption must be pleaded to be available.

**5. Judgment ⊙⟹18(2)—Judgment must have proper support in pleadings.**

Neither trial court nor Court of Civil Appeals can render judgment which has no proper support in pleadings.

**6. Liens ⊙⟹22—Facts essential to existence of lien must be pleaded in foreclosure.**

To entitle plaintiff to foreclosure of lien of any character, facts essential to existence of lien must be pleaded.

**7. Appeal and error ⊙⟹1178(8)—As general rule, cause should not be remanded to permit amendment of pleadings.**

As general rule, cause should not be remanded by Court of Civil Appeals in order to permit party to amend pleadings.

**8. Appeal and error ⊙⟹1178(8)—Case will be remanded for amendment of plaintiff's pleadings where no exceptions to their sufficiency were presented and ·evidence was sufficient to establish plaintiff's case.**

Where case was tried on incorrect theory of law, no exceptions to sufficiency of pleadings were presented, and evidence was sufficient to establish plaintiff's case, Court of Civil Appeals will remand case to ˉallow amendment of insufficient pleadings by plaintiff.

**9. Appeal and error ⊙⟹673(2)—Question of exemption, discussed in briefs, cannot be considered on appeal, where no proper pleadings or admissible evidence on question are contained in record. ·**

Where, in action to foreclose landlord's lien, no proper pleadings or admissible evidence are contained in record relative to question whether property seized was exempt, such question cannot be considered on appeal, though it is discussed in briefs.

On Rehearing.

**10. Landlord and tenant ⊙⟹262(3)—Petition, in action to foreclose landlord's lien held insufficient for failure to allege that property seized was property of tenant and was in leased premises.**

Petition, in action for foreclosure of landlord's lien, *held* insufficient for failure to allege that property seized was in fact property of tenant which was in leased building, notwithstanding statement that landlord claimed lien and reference to distress warrant, which contained no command limiting authority of officer with reference to seized property to that belonging to tenant situated in leased premises.

Appeal from Eastland County Court, at Law; Tom Cunningham, Judge.

Action by Chas. O. Austin, State Banking Commissioner, against Chas. Fields, originated in the justice court by the filing of an affidavit and bond for distress warrant. Judgment was rendered in the county court for plaintiff for the amount claimed, but foreclosure of his alleged landlord's lien was denied, and he appeals. Reversed and remanded.

Turner, Seaberry & Springer, of Eastland, for appellant.

Thos. J. Pitts and M. McCullough, both of Eastland, for appellee.

HICKMAN, J. This suit ˙originated in the justice court by the filing of an affidavit and bond for distress warrant.. The appellant was the owner of a building in Eastland, which was occupied by appellee as a place in which to· carry on his cleaning and pressing business. The amount of rent alleged to be due was $360, and the distress warrant issued out of the justice court was therefore made returnable ˙ to the county court. Certain personal property was seized by the sheriff under the writ, and prior to appearance day in the county court appellant filed his original petition. On motion of appellee, the distress proceedings were quashed. Upon a trial of the case, judgment was rendered by the court in favor of appellant for the amount claimed by him as rent, but a foreclosure of appellant's alleged landlord's lien was denied.

[1, 2] The first question presented for our decision is the action of the trial judge in quashing the distress proceedings. The ground upon which the proceedings were quashed was that the property levied on was exempt to appellee as tools of his trade. This constituted no proper ground for quashing the distress warrant. Extraordinary writs created by statute cannot be quashed because of an extrinsic defect, but only for some intrinsic defect, or one which appears on the face of the proceedings. The office of a motion to quash is to point out to the court that the statutory steps have not been taken and not to raise an issue of fact as to whether the writ was levied on property subject to the lien. Appellant's first assignment will be sustained. Messner v. Hutchins, 17 Tex. 597; Wright v. Smith, 19 Tex.˙ 297; Waples-Platter Grocer Co. v. Basham, 9 Tex. Civ. App. 638, 29 S. W. 1118.

[3] The theory upon which the court refused to foreclose appellant's alleged landlord's lien appears to have been that, since the distress warrant was quashed, appellant thereby lost his lien. We do not think this a correct theory of the law. A landlord's lien is created by statute, and not by the service of a distress warrant. The purpose of such warrant is to secure and preserve the property until the lien can be foreclosed, and the right of foreclosure is in no sense dependent upon the regularity of the writ. Templeman v. Gresham, 61 Tex. 50; Newman v. Ward (Tex. Civ. App.) 46 S. W. 868;

⊙⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes ·

Polk v. King, 19 Tex. Civ. App. 666, 48 S. W. 601; Crutcher v. Wolfe (Tex. Civ. App.) 269 S. W. 841.

[4] Appellee insists that appellant had no landlord's lien upon the property taken by the sheriff under the distress warrant, because such property was exempt to him as tools of his trade. Appellant preserved, by a bill of exceptions, his objection to the admission of all evidence on the question of the property's being exempt; the objection being that no exemption was pleaded by appellee.

The answer of appellee consisted of demurrers and a general denial. He did not plead any exemption in any manner, except in his motion to quash the distress warrant. This evidence should have been excluded. The statute (Rev. St. 1925, art. 5238) provides that one renting a building shall have a preference lien upon all property of the tenant in such building to secure the payment of rents, but provides that the article shall not be construed as in any manner repealing or affecting any act exempting property from forced sale. If this property was, in fact, exempt to appellee, it was his duty to plead his exemption. It has been uniformly held, so far as we are advised, that an exemption must be pleaded in order to be available. Cockrum v. McCracken, 1 White & W. Civ. Cas. Ct. App. § 65; Ross v. O'Neil, 45 Tex. 599; 25 C. J. p. 156, par. 303.

[5, 6] The sustaining of the foregoing assignments of appellant would lead us to the conclusion that the case should be reversed and rendered, were it not for the fact that appellant's petition is defective. We cannot render a judgment in this court, nor can a trial court render a judgment, which has no proper support in the pleadings. The substance of appellant's petition was that appellee was indebted to him in the sum of $360 for rent on a certain building from December 1, 1925, to November 30, 1926, and that appellant had applied to and procured from the justice of the peace a distress warrant, under which the sheriff had seized certain personal property described in the petition, which said personal property was still in the hands of the sheriff by virtue of the distress warrant. The allegation is then made that petitioner claims a landlord's lien upon the said personal property to secure the payment of the rents due. Prayer is for judgment for $360 and a foreclosure of his landlord's lien. To entitle a plaintiff to a foreclosure of a lien of any character, the facts essential to the existence of the lien must be pleaded. This is elementary. This petition contains no allegation that the property seized was in fact the property of appellee, which was in the particular building owned by appellant at any time during the term of the lease contract. In failing so to allege, the pleading is insufficient to justify us in rendering a judgment thereon.

[7, 8] Appellee insists that, since appellant did not properly plead his lien, it becomes our duty to affirm the judgment of the trial court. As a general rule, a cause should not be remanded in order to permit a party to amend his pleadings; but, in a case like this, tried on an incorrect theory of law, where no exceptions as to the sufficiency of the pleadings were presented to or sustained by the trial court, and the evidence admitted without objection was sufficient to establish plaintiff's case, it would be manifestly an injustice to the plaintiff for the appellate court to affirm a case against him on account of insufficient pleadings, without giving him the right of amendment. Had the lower court sustained a demurrer to this pleading and appellant had elected not to amend, but to rely upon the sufficiency of his allegations, then it would have become our duty to affirm this case; but, since appellant had no opportunity to amend, we think it our duty to give him this opportunity in order that justice may be done.

[9] The question discussed in the briefs of the parties as to whether the property seized was exempt cannot considered by us on this appeal, because no proper pleadings or admissible evidence on the question are contained in the record.

This cause will be reversed and remanded.

## On Rehearing.

[10] In his motion for rehearing, the appellant insists that we erred in our original opinion in refusing to render judgment in his favor and in holding that his petition was insufficient to warrant us to do so. Paragraph 3 of the petition reads as follows:

"That your petitioner, on the ――― day of January, 1927, applied unto Jim Steele, justice of the peace of precinct No. 1, Eastland county, Tex., for a distress warrant to be issued in terms of law, and commanding the sheriff or any constable of Eastland county, Tex., to seize the property owned by said tenant and situated on said premises. That in obedience to the writ issued by said justice of the peace the sheriff of Eastland county, Tex., to wit, John S. Hart, did seize the following described personal property, to wit: One Hoffman press; one cleaning machine; one boiler; one flat top desk; four tables; one Singer sewing machine—and that said personal property is now in the hands of the sheriff of Eastland county, Tex., by virtue of said distress warrant. That your petitioner claims a landlord's lien upon said personal property to secure the payment of the rents now due by said defendant."

It seems to be the appellant's contention that the petition referred to a distress warrant which commanded the sheriff or any constable of Eastland county, Tex., to seize the property owned by said tenant and situated on said premises and by such reference incorporated such distress warrant into the petition, which cured the deficiency pointed out in our original opinion.

Even granting that the distress warrant could be considered as a part of this petition on account of the reference thereto, it does not aid the discrepancy in any manner. The warrant did not command the officer to seize the property of the defendant situated in the leased premises, but merely commanded him to seize so much of the property of the defendant as shall be of value sufficient to satisfy the demand. Nowhere in this distress warrant is there any command· limiting the authority of the officer with reference to seizing property to that property belonging to the defendant situated in the leased premises. The nearest approach which appellant's petition made to pleading a lien on the property described therein was in the statement that he claimed a lien thereon. Had he alleged that he had a lien thereon, such allegation might have been good as against a general demurrer, but the petition does not so allege, and we cannot agree that a mere statement that a landlord claims a lien is a sufficient pleading to warrant us to render a judgment in his favor foreclosing a landlord's lien on property.

The motion will be overruled.