## C. L. SANGER v. LEONARD MAGEE.

### Decided May 14, 1902.

**1.—Distraint—Judgment—Trial of Right of Property.**

On the trial of right of property between a distraining landlord and a claimant who bought it from the tenant, the judgment recovered by the landlord against the tenant is conclusive as to the amount of the latter's indebtedness for rents and advances, unless attacked for fraud or collusion.

**2.—Landlord's Lien—Waiver.**

A landlord did not waive his lien on cotton raised on the rented premises by permitting the tenant to sell other cotton so raised to other purchasers, where the purchase, by the claimant, of the cotton against which the lien was sought to be enforced was not influenced by the fact that such other sales had been permitted.

Appeal from the County Court of McLennan. Tried below before Hon. G. B. Gerald.

*Boynton & Boynton,* for appellant.

*Z. I. Harlan,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellee had a tenant named E. G. Cotton, who sold to appellant six bales of cotton upon which appellee had a landlord's lien for rent. Appellee caused a distress warrant to be

issued and the cotton seized thereunder, and appellant filed a claimant's affidavit and bond for the trial of the right of property. The latter proceeding was regularly docketed and came on for trial, resulting in a judgment in favor of appellee Magee, from which judgment Sanger has appealed.

We have considered all the points presented in the briefs, and find no error. The judgment rendered in the original suit of Magee v. Cotton, the tenant, not being attacked in this case on account of fraud or collusion, was conclusive as to the amount of Cotton's indebtedness to Magee for rents and advances. Livingston v. Wright, 68 Texas, 706; Ross v. Lewyn, 5 Texas Civ. App., 600; Lehman v. Stone, 4 Willson's Civ. Cas., 122; Cornwell v. Hartzell, 4 Willson's Civ. Cas., 73.

It was not shown that in purchasing the cotton here involved, appellant was influenced by the fact that appellee had permitted the tenant to make other sales of cotton in another market and to other purchasers. Hence we hold that appellee had not waived his lien and was not estopped from asserting it.

The judgment is affirmed.

*Affirmed.*