## AMERICAN COTTON COMPANY v. MRS. E. W. PHILLIPS.

Decided December 18, 1902.

#### Landlord's Lien—Innocent Purchaser—Crops.

One who purchases cotton grown by a tenant upon rented premises within thirty days from its removal therefrom is not entitled to protection as an innocent purchaser against the statutory landlord's lien, although without notice in fact of the existence of such lien. Rev. Stats., arts. 3235-3237.

Appeal from the County Court of Burleson. Tried below before Hon. R. J. Alexander.

*Eugene Williams,* for appellant.

*Davis & Hale,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee brought this suit against W. L. Queen to recover $123, alleged to be due by him for rent of a farm of appellee's cultivated by said Queen as appellee's tenant for the year 1901, and for supplies furnished the said Queen by appellee to enable him to make a crop upon said farm. The American Cotton Company was made a party defendant, and recovery sought against it for the value of five bales of cotton alleged to have been converted by said company and upon which plaintiff claimed a landlord's lien to secure the payment of the amount due her by said Queen.

The trial in the justice court resulted in a judgment in favor of plaintiff against both defendants for the respective amounts claimed by plaintiff, and on appeal and trial de novo in the County Court the same judgment was rendered. The appeal to this court has been perfected only by the American Cotton Company.

The court below in his conclusions of fact filed at the request of the appellant finds: "That $123 was due as rents and for supplies, the rent note being for $100, with interest and attorney's fees, and the note for supplies being in the sum of $23, with interest and attorney's fees: That during the fall of 1901 appellant, the American Cotton Company, bought of Queen, the tenant, in open market, five round bales of cotton, raised on the rented premises by Queen during the year 1901, before the expiration of thirty days from its removal from the rented premises, paying full market value therefor, with no actual notice of the rights of plaintiff in the cotton, the same having been removed by Queen without the knowledge or consent of plaintiff or any one acting for her."

The defense of innocent purchaser for value without notice was properly pleaded by appellant in the court below, and the finding of fact above quoted is not assailed by the appellee, the only question for our determination being whether, under the landlord's lien statute, the defense of innocent purchaser for value without notice is available to a

purchaser from the tenant of produce raised upon the rented premises and purchased within thirty days after its removal therefrom.

As far as we have ascertained the only cases in which the question has been directly decided by the higher courts of this State are Long v. Dennis, 1 White & Wilson, section 1121, and Matthews v. Burke, 32 Texas, 434. The case of Long v. Dennis holds that one who purchased cotton for a valuable consideration without any knowledge of where it was raised and with no notice of the landlord's lien would hold the cotton so purchased free of such lien.

In Matthews v. Burke, supra, the Supreme Court, in construing article 5033 of the then existing statutes, which gave the landlord a lien upon the crop as long as it remained upon the rented premises and until the first day of January next after the maturity of the crop, held that, "Whoever purchased such crop previous to the first day of January (after its maturity) held it in trust for the payment of the rent due the landlord. Good faith and innocence, and ignorance of the statutory lien in this or any other similar case, forms no defense to the purchaser.' The statutes of the State inform all persons that a lien exists upon all products and crops of a rented place for the payment of the rent till the first day of January succeeding the raising of the crop, and these same statutes bid all purchasers of cotton to beware how they purchase till that time. It is not our province to decide upon the hardness of a statute in its application to a particular case, or to pronounce it good or bad, but simply to say what the statutes provide in a given state of things."

While this decision is by the "military court," the decisions of which have been held not to be binding authority (Taylor v. Murphy, 50 Texas, 291; Peck v. San Antonio, 51 Texas, 490), and its force is further weakened by the fact that although it assumes that the purchaser had no notice of the existence of the landlord's lien, the record in the case is silent upon that issue, we think it announces the correct doctrine.

The declared purpose of the Legislature in the enactment of the statute in question, articles 3235, 3236 and 3237, Revised Statutes, was to make the lien thereby created a preference lien over all other claims, and this purpose would be defeated by the construction sought to be placed upon the statute by the appellant. In the absence of the statute the landlord could by agreement with his tenant create a lien to secure his rents and the supplies furnished by him to enable the tenant to make a crop, which would protect him against a purchaser of the crop with notice of such agreement. If the statute means nothing more than that such lien shall exist without any express agreement, it is of little value. We think the clear intent of the Legislature in the passage of this law was to give the landlord full protection by charging the world with notice of the lien so long as the crop remained upon the rented premises and for thirty days after its removal therefrom, and by forbidding the tenant, without the consent of the landlord, to remove

any part of the crop from the rented premises or permit the same to be removed while any rent or advances remain unpaid.' Under this statute the doctrine of caveat emptor applies in all sales by the tenant of the crop grown upon the rented premises, and the purchaser of such crop takes no better title than his vendor had at the time of the sale.

It has been held in some of the States which have a statute similar to ours that a purchaser of crops without actual notice of the landlord's lien will be protected in his title to the property so purchased against the claim for rents, but we think the weight of authority and the better reasoning sustain the doctrine announced by Judge Morrill in the case of Matthews v. Burke, supra. Richardson v. Peterson, 58 Iowa, 724; Kennard v. Harvey, 80 Ind., 37.

As before stated, the question does not seem to have directly arisen in any of the adjudicated cases in this State other than those before mentioned, but it has been uniformly stated in the opinions of our Supreme Court in cases in which the landlord's lien has been the subject under consideration, that such liens exist in favor of the landlord against anyone who has purchased the crop of the tenant within thirty days after its removal from the rented premises. The frequent repetition in the decisions of this unqualified statement of the law tends strongly to the conclusion that none of our courts regard the lien as at all affected by the question of notice.

We are of opinion that the judgment of the court below should be affirmed, and it is so ordered.

*Affirmed.*