**WEBB v. BERGIN.**

No. 1022.

Court of Civil Appeals of Texas. Waco.
April 30, 1931.

Rehearing Denied May 28, 1931.

Taylor, Atkinson & Farmer, of Waco, and Crate Dalton, of Dallas, for appellant.

Spell, Naman & Howell, of Waco, for appellee.

ALEXANDER, J.

This was a suit originally instituted in the district court of Dallas county by Edward G. Bergin, as landlord, against H. B. Webb, as tenant, to recover certain rents alleged to be due by the tenant to the landlord for the use of a certain store building located in the city of Dallas, and to foreclose the landlord's lien on certain fixtures that had been removed from the building by the tenant. The plaintiff later amended his petition making J. A. Webb a party defendant on the ground that he was claiming some interest in the fixtures. The case was removed to the district court of McLennan county on a plea of privilege. J. A. Webb held a prior mortgage on a part of the fixtures to secure the payment of a note executed by H. B. Webb to him in the sum of $7,500, and asserted a claim against all of the fixtures under an agreement by which he claimed to have purchased the fixtures from H. B. Webb in cancellation of the $7,500 note and without notice of plaintiff's lien. The trial court, on the verdict of a jury, rendered judgment for plaintiff against H. B. Webb for his debt in the sum of $1,000, and against both defendants foreclosing the landlord's lien on all of the fixtures, except that part covered by the mortgage given to J. A. Webb to secure the payment of the $7,500 note. J. A. Webb appeals.

On October 31, 1928, the tenant, without the consent of the landlord, removed the fixtures from the building and carried them to McLennan county, and, on November 1st, sold them to J. A. Webb in cancellation of his note. On the same day and before the filing of this suit in the district court to foreclose the lien, the landlord filed in the justice court in Dallas county proper affidavit and bond and secured the issuance of a distress warrant. The warrant was levied on the property in the possession of J. A. Webb in McLennan county on the same day. Upon a trial of the case now before the court, H. B. Webb, the tenant, and J. A. Webb each filed pleas in abatement seeking to abate this suit on three grounds, as follows: (a) The justice court in Dallas had no authority to issue the distress warrant because the property, at the time of the issuance of the writ, was located in McLennan county; (b) the distress warrant was issued after the property was removed from the leased building; (c) at the time the distress warrant was sued out, the plaintiff had not filed a petition asking for foreclosure of his landlord's lien.

Revised Statutes, article 5239, provides in part as follows: "When any rent shall become due, or the tenant about to remove from such leased or rented buildings, or remove his property therefrom, it shall be lawful for the person to whom the rent is payable, his agent, attorney or assignee, to apply to a justice of the peace of the precinct where the building is situated for a distress warrant, which shall be issued on an affidavit and bond. * * *" The leased building in this case was located in Dallas county, and, by the very wording of the statute, the justice of the peace in that county had the right to issue the distress warrant, regardless of where the property was located. As to the right to have the distress warrant issue after the fixtures had been removed from the leased building, the statute provides that it may issue when the debt becomes due or the tenant is about to remove from the leased or rented building or remove his property therefrom. This fixes the time when the right first accrues, but it does not require that the right be exercised the very moment it accrues. It may be exercised at any time before the lien is lost. Under Revised Statutes, article 5238, the lien continues so long as the tenant occupies the leased premises and for one month thereafter. If it were necessary that the distress warrant issue before the fixtures were removed from the building in order to preserve the lien, the thirty days provided for in the statute would be worthless. It was not necessary that the distress warrant be sued out before the fixtures were removed from the building. Neither was it necessary that the petition asking for a foreclosure of the landlord's lien be filed before the distress warrant was issued. The purpose of Revised Statutes, article 5239, in authorizing the issuance of the distress warrant was to provide a speedy and effective remedy by which the property could be distrained and preserved until proper proceedings could be instituted and prosecuted to effect foreclosing the lien.

Moreover, and as a complete answer to all of the above propositions, the landlord's lien was created by the statute and existed independent of the distress warrant. If in fact the distress warrant was issued without authority, or if it was in any wise defective, the landlord nevertheless had the right to foreclose his lien by the filing of the petition in the regular way. Brown v. Collins, 77 Tex. 159, 14 S. W. 173; Templeman v. Gresham, 61 Tex. 50; Newman v. Ward (Tex. Civ. App.) 46 S. W. 868; Polk v. King, 19 Tex. Civ. App. 666, 48 S. W. 601; Crutcher v. Wolfe (Tex. Civ. App.) 269 S. W. 841; Bourcier v. Edmondson, 58 Tex. 675.

The appellee, Bergin, sued the tenant, H. B. Webb, within thirty days after the fixtures were removed from the leased premises and prayed for a foreclosure of his landlord's lien. The appellant, J. A. Webb, however, was not made a party defendant until more than ten months after the fixtures had been so removed. It is appellant's contention that, since he was not made a party to the suit within thirty days after the removal of the fixtures from the leased premises, the landlord lost his lien. The filing of the suit by the landlord against the tenant within the thirty-day period was sufficient to preserve the lien as to the tenant. Appellant, having purchased the property from the tenant within the thirty-day period, took the same with notice of the claim of the landlord, and the landlord, upon discovering that the appellant was claiming an interest in the property, had the right to make the appellant a party to the suit at any time before the landlord's claim against him was barred by the two years' statute of limitation. York v. Carlisle, 19 Tex. Civ. App. 269, 46 S. W. 257; Ingraham v. Rich (Tex. Civ. App.) 136 S. W. 549; American Cotton Co. v Phillips, 31 Tex. Civ. App. 79, 71 S. W. 320; Mensing Bros. & Co. v. Cardwell, 33 Tex. Civ. App. 16, 75 S. W. 347; Zapp v. Johnson, 87 Tex. 641, 30 S. W. 861; Frith v. Wright (Tex. Civ. App.) 173 S. W. 453, 456.

The appellant claims that the trial court was without jurisdiction to foreclose the lien as to him, because before being made a party to this suit he had filed claimant's oath and bond for the trial of right of property and thereby withdrawn the property from the jurisdiction of the court in this case. As heretofore stated, the appellee, Bergin, filed affidavit and bond in the justice court at Dallas, sued out a distress warrant, and had same levied on the property in question. J. A. Webb, in whose possession the property was found, delivered to the sheriff levying

the writ a claimant's oath and bond for the trial of right of property, and secured a return of the property. The sheriff returned the claimant's oath and bond to the district court of McLennan county. The plaintiff, in his petition in the case at bar, thereafter made J. A. Webb a party defendant, and set up the issuance and levy of the distress warrant and the filing of the claimant's oath and bond for the trial of the right of property. There was nothing to show that the trial of right of property suit growing out of the filing of the claimant's oath and bond had been disposed of at the time this suit was tried. It was apparent from the face of plaintiff's petition that J. A. Webb had acquired possession of the property by the filing of the oath and bond, and that the issues involved in that controversy were still pending. It is appellant's contention that, when he filed the statutory oath and bond and took possession of the property on which the foreclosure was sought under the provisions of Revised Statutes, articles 7402 to 7425, the court lost jurisdiction in the foreclosure suit over the property and was thereafter without power to enter judgment, as it did, foreclosing the lien.

In the case of Harris v. Wise (Tex. Civ. App.) 191 S. W. 588, the plaintiff sued J. L. Wise in the justice court in Kaufman county for debt and to foreclose a chattel mortgage lien, and had a writ of sequestration issued and levied on the mortgaged property. Kate Wise, wife of J. L. Wise, filed claimant's oath and bond and secured possession of the property. The oath and bond were returned to the county court of Henderson. Plaintiff amended, making Kate Wise a party to the foreclosure suit in Kaufman county. Kate Wise failed to appear and answer the suit, and plaintiff took judgment for his debt against J. L. Wise and foreclosure of his lien against J. L. and Kate Wise. Kate Wise filed petition in the trial of right of property suit pending in Henderson county, and secured an injunction restraining a sale of the property under the order of sale issued out of the justice court in Kaufman county. On an appeal of that case, the court held that, when Kate Wise delivered to the sheriff her claimant's oath and bond, and these papers were filed in the county court of Henderson county, this ipso facto transferred the custody of the property to the county court of Henderson and all other courts lost jurisdiction over the same, and the judgment thereafter rendered by the justice court in Kaufman county foreclosing the lien on the property was void on its face and subject to collateral attack. The holding in this case was approved in the case

of Sewell v. Pierce (Tex. Civ. App.) 244 S. W. 1034, par. 3.

In the case of Stewart v. Howell Co. (Tex. Civ. App.) 264 S. W. 208, 210 (writ of error refused) Stewart sued J. G. Brinkman in the Fourteenth district court of Dallas county for debt, and sued out a writ of attachment and had same levied on certain stock in Howell Company standing in the name of the defendant. Mrs. Pauline Brinkman, wife of defendant, delivered to the sheriff, levying the writ, claimant's oath and bond, which papers were filed in the Sixty-Eighth district court of Dallas county. Later the plaintiff sued out a writ of garnishment in the Fourteenth district court and had the same served on Howell Company. On an appeal of the garnishment case the court held that, upon the filing of the claimant's oath and bond in the Sixty-Eighth district court, that court immediately acquired jurisdiction to the exclusion of all other courts to hear and determine to final adjudication all questions concerning ownership of the stock claimed by Mrs. Brinkman on the one hand, and asserted by the plaintiff on the other by virtue of the levy of the writ of attachment. The court further said: "If said court [meaning the 14th District Court], by its judgment, had foreclosed the attachment lien created by the levy of its writ of attachment on said stock, and ordered the sale of same to have been made, such judgment and proceedings thereunder would have been void ab initio."

Since it was apparent from the face of the plaintiff's petition that J. A. Webb, before he was made a party to the foreclosure suit, had delivered the claimant's oath and bond and acquired the possession of the property, and had thereby instituted trial of right of property proceedings for the custody of the property in another suit in the district court of McLennan county, under the holding of the above authorities, the trial court was without authority to enter a judgment in the foreclosure suit, being a different suit in the same court, foreclosing the plaintiff's lien against J. A. Webb, until the trial of right of property suit was disposed of.

The judgment of the trial court in favor of the appellee, Bergin, against H. B. Webb for his debt, and foreclosure of his lien against H. B. Webb on the property in question, is affirmed. The judgment in favor of Bergin foreclosing the lien as against J. A. Webb is reversed, and the cause is remanded to the trial court, with instructions to dismiss the suit against J. A. Webb, without prejudice, however, to Bergin's right to assert his claim in the trial of the right of property suit.