WINSETT v. HARRISON.

No. 5031.

Court of Civil Appeals of Texas. Texarkana.

Jan. 18, 1937.

Rehearing Denied Jan. 28, 1937.

1054

McKinney & Berry, of Cooper, for appellant.

W. H. Crunk, of Cooper, for appellee.

HALL, Justice.

This suit was instituted by appellant in the county court of Delta county against W. I. Bruton, Buford Bruton, and J. A. Harrison, for debt amounting to $411.98, and for foreclosure of a landlord's lien on certain personal property which included two mules named "Red" and "Mandy."

Appellant alleged that W. I. Bruton was her tenant for the year 1934, and that during and shortly before 1934 she furnished him certain personal property including four mules, two of which, "Red" and "Mandy," are in controversy here. It was alleged by appellant that the mules and other personal property were furnished Bruton to enable him to make a crop on appellant's farm. She alleged further that appellee Harrison in November, 1934, unlawfully took possession of the two mules, "Red" and "Mandy," and converted them to his own use to her damage of the sum of $200.

Appellee answered, alleging that he purchased the mules from Bruton and paid therefor a valuable consideration amounting to $165, without notice of any lien on same in favor of appellant. That appellant by her acts and conduct with respect to the two mules in controversy had waived any landlord's lien she might have had on them.

Trial was to a court without a jury, and resulted in judgment for appellant against W. I. Bruton for her debt with foreclosure of her landlord's lien on all personal property described in her amended petition, except as to the mules "Red" and "Mandy" which were adjudged to be the property of appellee. In this regard the court held:

"It appearing to the court in that respect, that plaintiff Beulah Winsett, acting for herself and by her agent, Hoyle Winsett, granted permission to the said W. I. Bruton, to trade, sell and mortgage the mules sold and delivered to her said tenant aforesaid, and that said tenant W. I. Bru-

ton was authorized to trade and dispose of said mules, and that as to said animals, plaintiff expressly and impliedly waived her landlord's lien;

"And it appearing to the court that the defendant J. A. Harrison purchased the mules, Mandy and Red, from said W. I. Bruton, on or about the ———— day of November, A. D. 1934, for a full and valuable consideration, to-wit: One Hundred Sixty five Dollars, without any actual notice of any claim thereof by plaintiff, and that the defendant J. A. Harrison was an innocent purchaser of said two mules and entitled to retain same. And that plaintiff is not entitled to establish any landlord's lien against said mules, 'Mandy' and 'Red' so purchased by the defendant Harrison.

"And the Court is further of the opinion that the defendant, Harrison by reason of the outright purchase of said two mules on the ———— day of November, 1934, became the legal and equitable owner of said animals, free from any legal right therein, or claim by Plaintiff as a landlord."

From this judgment appellant has prosecuted her appeal. W. I. Bruton did not appeal.

It is agreed by the parties to this appeal that the sole question here is one of waiver. That a valid landlord's lien existed on said mules in favor of appellant, unless waived by her by her acts and conduct with respect to the manner which she permitted Bruton, her tenant, to deal with same.

The record reveals that appellant sold Bruton, among other personal property, four mules. That she permitted Bruton to trade two mules, other than "Red" and "Mandy," for two other mules, with the understanding between her and Bruton that the landlord's lien would attach to the mules traded for. One of these trades was with appellee and he had knowledge of the other. The record reflects further that the two mules received in the trade were, by Bruton with the consent of appellant, mortgaged to the First National Bank of Cooper, appellant expressly waiving her landlord's lien in favor of the bank. Appellee knew of this transaction with the bank and also knew that the mules "Red" and "Mandy" had not been mortgaged. It also appears from the record that appellee during the spring of 1934 traded for the mule named "Red," keeping him a short time and returning him to Bruton, the

tenant. Appellant knew nothing of this trade until the trial of this case in the court below. Do the acts and conduct of appellant as set forth above constitute a waiver of her landlord's lien on the two mules in controversy, or has the appellee met the burden of proof which rested on him to establish a waiver by appellant of her landlord's lien? We think not. Appellant did nothing that would suggest she had waived her landlord's lien on the mules "Red" and "Mandy." She knew nothing of the trade between her tenant and appellee affecting her mule "Red." The mere fact that appellant had permitted her tenant to trade her other mules and give a mortgage lien on the mules received in the trade would not be a sufficient reason for appellee to conclude that she had waived her landlord's lien on the mules in controversy. Antone v. Miles, 47 Tex.Civ. App. 289, 105 S.W. 39; American Cotton Co. v. Phillips, 31 Tex.Civ.App. 79, 71 S. W. 320; Sanger v. Magee, 29 Tex.Civ.App. 397, 69 S.W. 234; Bivins v. West (Tex. Civ.App.) 46 S.W. 112.

Moreover, the agreed statement of facts nowhere discloses that appellee relied on the acts and conduct of appellant as relating to the two mules in controversy here. On the contrary, the agreed statement of facts reveals that "W. I. Bruton never disclosed to J. A. Harrison the fact that the mule was purchased on credit but represented to Harrison that the mules were paid for and that he had the right to sell and dispose of them, which representation Harrison believed and relied upon." In Tex.Jur. vol. 27, p. 183, § 95, it is said:

"However, by reason' of the fact that he permitted the tenant to make other sales, the landlord's right is not to be deemed to be inferior to that of the purchaser unless the latter is shown to have had knowledge of the sales and to have been influenced thereby in making the purchase in question."

If appellee when he purchased the mules in controversy relied on what Bruton told him about his (Bruton's) ownership of the same, he could not have been misled by any acts and conduct of appellant with respect to the manner in which she permitted her tenant to deal with the mules other than those here involved. Sanger v. Magee, supra.

The trial court in his judgment concluded that appellee was an innocent purchaser for value without notice of the existence of the landlord's lien. This was error for the reason that the doctrine of innocent purchaser cannot be invoked to defeat a landlord's lien. Frith v. Wright (Tex.Civ.App.) 173 S.W. 453; American Cotton Co. v. Phillips, supra.

The judgment of the lower court is reversed in so far as it awards to appellee the mules "Red" and "Mandy," and is here rendered for appellant for the title and possession of said above-named mules. In all other respects, the judgment of the trial court is affirmed.