John M. STEVENSON, Jr., Appellant,

v.

CULLEN CENTER, INC., et al., Appellees.

No. 1180.

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 16, 1975.

Rehearing Denied Aug. 13, 1975.

732

Will G. Dickey, Bires & Dickey, Houston, for appellant.

Sam W. Davis, Jr., Vinson, Elkins, Searls, Connally & Smith, Alvin K. James, Asst. Atty. Gen., Joe Resweber, County Atty., Gregory Gregg, Asst. County Atty., Houston, for appellees.

COULSON, Justice.

John M. Stevenson, Jr., (hereinafter Stevenson or appellant) appeals from an order of the district court of Harris County denying his application for a temporary injunction seeking to enjoin action by appellees, Cullen Center, Inc. (hereinafter Cullen), Ralph D. Franz, Constable Precinct 5, Harris County, Texas, individually and in his official capacity, and Paul Heath Till, Justice of the Peace, Precinct 5 of Harris County, Texas, under the distress warrant statute of the State of Texas. Stevenson contends that the distress warrant statute is unconstitutional and is in violation of the provisions of the fourteenth amendment of the Constitution of the United States of America in that the distress warrant statute does not afford citizens affected by its provisions the minimum standards of due process of law.

Stevenson was engaged in the real estate business. He occupied office space in the Executive Plaza Building in Houston, Texas. Stevenson subleased the office space from Cullen. A disagreement arose between Stevenson and Cullen concerning the amount of rent due and payable to Cullen by Stevenson. Commencing August 1, 1974, Stevenson did not pay any rent. During November 1974, Stevenson received a letter from Cullen demanding that Stevenson either pay the rent or vacate the premises. In response to the letter from Cullen, Stevenson instructed Cullen to "take it up with my lawyer".

On January 10, 1975, Cullen took affirmative action against Stevenson. Under the authority of Vernon's Tex.Rev.Civ.Stat. Ann. art. 5239 (1962), the distress warrant statute, Cullen filed an affidavit in the office of the Justice of the Peace, Precinct 5, Harris County, Texas, posted a bond in the sum of $18,157 and sought the issuance of a distress warrant from the Honorable Judge Paul H. Till to seize the personal property of Stevenson in the office space occupied by him in the Executive Plaza Building. Pursuant to Texas Rules of Civil Procedure 612, Judge Till issued the requested distress warrant on January 10, 1975. On or about 3:30 P.M. on Friday, January 10, 1975, Deputy Constable James Berry, acting under the authority and at the discretion of Constable Ralph Franz, executed the distress warrant and seized the personal property of Stevenson located in the office space in the Executive Plaza Building by evicting all persons found on the premises and by changing the lock on the only door which provided access to said office space.

Pursuant to Tex.R.Civ.P. 619, citation was issued by Judge Till and served upon Stevenson on January 10, 1975. Citation was returnable to the district court of Harris County "at or before ten o'clock a. m. of the Monday next after the expiration of twenty days from the date of service thereof . . . ." Tex.R.Civ.P. 619.

Stevenson posted a replevy bond in the amount of $3,836, that being the alleged value of the property seized pursuant to the distress warrant. The bond was approved and filed on January 14, 1975, and Stevenson's property was returned to his custody

at that time by the delivery to him of the key to the only entrance to the office space.

Stevenson filed his answer in the district court on February 17, 1975, and asserted a counterclaim against Cullen Center, Inc., Ralph D. Franz, Constable, Precinct 5, Harris County, individually and in his official capacity, and Paul Heath Till, Justice of the Peace, Precinct 5, Harris County, Texas. Stevenson sought, among other things, to obtain a temporary restraining order, a temporary injunction, a permanent injunction, the immediate discharge of the property of Stevenson from the distress warrant lien and the prohibition of execution of any further distress warrants against the property of Stevenson. In such counterclaim, Stevenson sought to recover from the cross-defendants actual damages in the alleged sum of $500,000, and exemplary damages against Cullen in the additional alleged sum of $500,000. In the counterclaim Stevenson further sought a declaratory judgment to the effect that Article 5239 and the relevant portions of the Texas Rules of Civil Procedure providing for the execution of distress warrants were unconstitutional under amendment fourteen to the Constitution of the United States of America.

On February 25, 1975, a hearing on Stevenson's application for a temporary injunction was held in the district court of Harris County, Texas. Following the hearing, the trial court entered an order denying Stevenson's application for the temporary injunction. Stevenson has perfected this appeal from that denial.

Stevenson's appeal involves the applicability and effect of the following cases, *North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975); *Mitchell v. W. T. Grant Company*, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974); *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Southwestern Warehouse Corp. v. Wee Tote, Inc.*, 504 S.W.2d 592 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ). In both *Fuentes*

and *North Georgia Finishing*, the Supreme Court of the United States held state statutes providing for the impoundment or taking of personal property without notice, opportunity for an early hearing, or participation of a judicial officer to be in violation of the due process clause of the 14th amendment. In *Wee Tote* this Court held Tex.Rev.Civ.Stat.Ann. art. 4076 (1966), the Texas Pre-Judgment Garnishment statute, to be unconstitutional as a violation of procedural due process. The *Mitchell* case involved the Louisiana writ of sequestration. The United States Supreme Court held that, although the writ was issued without notice and without a hearing, the overall system provided sufficient protection for the debtor's interest as to avoid the pitfalls of due process involved in the *Fuentes* and *North Georgia Finishing* cases.

Article 5239 provides that:

> When any rent shall become due, or the tenant about to remove from such leased or rent buildings, or remove his property therefrom, it shall be lawful for the person to whom the rent is payable, his agent, attorney or assignee, to apply to a justice of the peace of the precinct where the building is situated for a distress warrant, which shall be issued on an affidavit and bond  .   .  . .

The procedural structure for obtaining a distress warrant is provided for by Tex.R. Civ.P. 610–620.

The Rules provide that the landlord or its attorney may swear by affidavit that a given amount for rent is due or produce a writing signed by the tenant to that effect. The affidavit must state that the amount sued for is either for rent due or for advances made to the tenant. The person applying for the warrant must then execute a bond approved by the justice of the peace, in double the amount or value of the rent or advances sued for. The justice of the peace must then issue the distress warrant to the proper enforcement officer. The warrant is made returnable to the court having juris-

diction of the amount in controversy on or before 10:00 o'clock A.M. of the Monday next after the expiration of fifteen days from the date of issuance of the writ. The officer charged with the execution of the warrant must seize the property of the tenant or so much thereof as shall be of value sufficient to satisfy the debt and costs and safely keep it in his possession. The tenant may replevy the property by giving bond within ten days from the date of levy. The bond must be double the amount of the debt or, at the tenant's election, for the value of the property seized. At the time of the issuance of the warrant, the justice of the peace must issue a citation to the tenant requiring him to answer before the court of proper jurisdiction at or before 10:00 A.M. of the Monday next after the expiration of twenty days from the date of service of citation. The property levied upon, unless replevied by the tenant, will be held by the court or the proper officer thereof until the termination of the proceedings between the parties. No special provision is made, either by statute or by the Rules of Civil Procedure, for immediate post execution hearing on the rights of the parties to the property.

The most recent United States Court decision concerning writs of sequestration, garnishment, distress or similar proceedings without a prior hearing was the *North Georgia Finishing* case. The opinion in that case was written by Justice White, who also authored the Supreme Court's opinion in the *Mitchell* case. In holding the Georgia statute unconstitutional, Justice White distinguishes the *Mitchell* decision with the following language:

> That case upheld the Louisiana sequestration statute which permitted the seller-creditor holding a vendor's lien to secure a writ of sequestration and, having filed a bond, to cause the sheriff to take possession of the property at issue. The writ, however, was issuable only by a judge upon the filing of an affidavit going beyond mere conclusory allegations and clearly setting out the facts entitling the creditor to sequestration. The Louisiana law also expressly entitled the debtor to an immediate hearing after seizure and to dissolution of the writ absent proof by the creditor of the grounds on which the writ was issued. (*Id.* 95 S.Ct. at 722).

Justice White focuses upon three variables in evaluating the statutes involved. Two considerations are the participation of a judge in the process and the specificity of the allegations contained in the affidavits relied upon by the judge in deciding upon the issuance of the writ. The Justice's third concern was with the availability of an immediate hearing after seizure to determine, under adversary conditions, the validity of the creditor's claims. These are the criterion which must be applied to Article 5239 in evaluating the constitutionality of that statute.

Article 5239 clearly provides that the distress warrant may only be issued by a justice of the peace. However, Tex.R.Civ.P. 610 states that "[t]he plaintiff, his agent or attorney shall make oath that the amount sued for is rent or advances . . . or shall produce a writing signed by such tenant to that effect, and shall further swear that such warrant is not sued out for the purpose of vexing and harassing the defendant." The rule itself does not provide for an affidavit which goes beyond mere conclusory allegations or which clearly sets out the facts entitling the creditor to his relief. It is only necessary that the plaintiff state that the debt alleged is for rent, and that the warrant is not sought for purposes of vexing or harassing the defendant. Although the affidavit sworn to by the representative of Cullen in this case does set out specific facts entitling the creditor to relief, we cannot say that the Rule itself requires such an affidavit. Hence, the justice of the peace is empowered to issue the distress warrant upon the receipt

of·an affidavit which quite possibly would contain only conclusory allegations concerning the existence of the debt and the intent of the creditor. We conclude that these rules do not provide that degree of protection for the tenant's interest which was contemplated by the Supreme Court of the United States.

With regards to the third concern, the availability of an immediate post seizure hearing to determine the rights of the parties to the property in question, we again find the Texas Rules deficient. Although the tenant is served with citation on the day of the execution of the distress warrant, there is no provision for any special hearing. Rather, the contest between the parties would apparently become a part of the normal docketing procedures in the court of appropriate jurisdiction. The rights of the tenant to the property impounded as a result of the issuance and execution of the distress warrant can not be determined in an adversary proceeding under the Rules of Civil Procedure of the State of Texas until the case is tried on its merits. We conclude that the Texas Rules of Civil Procedure relating to distress warrants afford insufficient consideration of the rights to due process of the tenant.

Article 5239 fails to meet those standards of minimal due process as required by the fourteenth amendment of the Constitution of the United States of America, and must, therefore, be held to be unconstitutional.

The order of the trial court which denies the requested temporary injunction is reversed and this cause is remanded to the trial court to enter such orders which may be required consistent with this judgment.