

# The Attorney General of Texas

June 30, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable William R. Moore
Tom Green County Attorney
County Courthouse
San Angelo, Texas    76901

Opinion No. JM-510

Re: Validity of articles 4594
and 4595, V.T.C.S., the Texas
Hotel/Motel Operators Lien Law

Dear Mr. Moore:

You question the constitutionality of the Texas Hotel/Motel Operator's Lien Law, articles 4594 and 4595, V.T.C.S. Article 4594 gives proprietors of hotels and similar establishments a lien on the baggage and other property of guests for all sums due for board, lodging, and "extras" furnished at the request of the guest. The statute authorizes proprietors to exercise self-help to seize and retain the guest's property. Article 4594 also exempts seized property from attachment or execution while the proprietor retains possession. Article 4595 authorizes the proprietor to sell the property at a public auction to satisfy the lien. The brief you submit with your request letter, from West Texas Legal Services, alleges that articles 4594 and 4595 violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution. We agree.

Article 4594 provides, in full:

> Proprietors of hotels, boarding houses, rooming houses, inns, tourist courts, and motels shall have a lien on the baggage and other property of guests in such hotels, boarding houses, rooming houses, inns, tourist courts, and motels for all sums due for board, lodging, extras furnished or money advanced at the request of such guest, and shall have the right to retain possession of such baggage or other property until the amount of such charges is paid. Such baggage and other property shall be exempt from attachment or execution while in the possession of such proprietor.

Article 4595 provides, in part:

> The keeper of the inn, boarding house, or hotel shall retain such baggage and other property upon which he has a lien for a period of thirty (30)

days, at the expiration of which time if such lien is not satisfied, he may sell such baggage or other property at public auction, first giving ten days' notice of the time and place of sale by posting at least three (3) notices thereof in public places in the county where the inn, hotel, or boarding house is situated and also by mailing a copy of such notice to said guest or boarder at the place of residence shown on the register of such inn or hotel, if shown. After satisfying the lien and any costs that may accrue, the residue shall on demand, within sixty (60) days be paid such guest or boarder.

The Fifth Circuit held a similar statute unconstitutional on its face because it worked a deprivation of property without due process of law insofar as it failed to provide notice and a hearing before property was taken from its possessor. Hall v. Garson, 468 F.2d 845, 847 (5th Cir. 1972). The court in Hall v. Garson struck down the now-repealed Texas Landlord Lien Law, article 5238a. Acts 1969, 61st Leg., ch. 686, at 2008. (After Hall v. Garson, the Texas Legislature replaced the old Landlord Lien Law with article 5236d, Acts 1973, 63rd Leg., ch. 441, at 1226, now recodified in the Property Code as article 54.041 et seq. for residential tenancies and article 54.021 et seq. for other tenancies.) The statute considered in Hall v. Garson was virtually identical to articles 4594 and 4595 in that it authorized proprietors to seize and retain a tenant's property with no provision for any kind of prior hearing. In fact, the old Landlord Lien Law also specified that seized property "shall be exempt from attachment or execution to the same extent as set out in Article 4594 . . ." and that the sale of such property "shall be subject to the same duties and shall follow the same procedures as set out . . . in Article 4595. . . ." Thus, the rationale presented in Hall v. Garson also applies to articles 4594 and 4595.

The court in Hall v. Garson relied primarily on the United States Supreme Court decision in Fuentes v. Shevin, 407 U.S. 67 (1972). In Fuentes the Court condemned the complete absence in Florida and Pennsylvania statutes of notice and an opportunity to be heard prior to a summary seizure of goods or chattels under a writ of replevin. 407 U.S. at 69. Both statutes authorized the issuance of writs ordering state agents to seize a person's possessions upon the application of any other person who simply claimed a right to the property and posted bond. Id. The Court deemed the statutes an abdication of effective state control over state power because the statutes authorized private parties, serving their own advantage, to unilaterally invoke state power to replevy goods from another party. 407 U.S. at 93. The Court reiterated the long standing rule that such a violation of due process could be avoided only by providing adequate safeguards at a meaningful time and in a meaningful manner so as to

obviate the danger of an unfair or mistaken deprivation of property.
407 U.S. at 80.

Applying this reasoning and conclusion to the old Landlord Lien
Law, the Fifth Circuit in Hall v. Garson stated:

> Here we have no such protections.  [Article]
> 5238a clothes the apartment operator with clear
> statutory authority to enter into another's home
> and seize property contained therein. This makes
> his actions those of the state. [Citations
> omitted]. There is no requirement that the
> landlord first have the validity or the accuracy
> of his claim impartially determined, or that a
> need for immediate seizure be present. Those
> decisions are left to the operator himself to act
> upon with no prior opportunity for challenge by
> the possessor of the property.

468 F.2d at 848. Article 5238a denied the fundamental fairness
required by the Due Process Clause of the Fourteenth Amendment.

Because Hall v. Garson relied on Fuentes v. Shevin, a caveat
about Fuentes is in order. The United States Supreme Court clarified
the scope of its Fuentes v. Shevin holding in Mitchell v. W. T. Grant
Company, 416 U.S. 600 (1974), two years after the Fifth Circuit
decided Hall. The Court in Mitchell upheld the constitutionality of a
court-ordered sequestration of personal property, which was subject to
an installment agreement, on the affidavit of the creditor. The
debtor challenged the sequestration under the Due Process Clause of
the Fourteenth Amendment because the sequestration was ordered ex
parte, without prior notice or an opportunity for a hearing. The
Court emphasized that "[t]he question is not whether a debtor's
property may be seized by his creditors, pendente lite, where they
hold no present interest in the property. . . ." 416 U.S. at 604.
The question regarding articles 4594 and 4595 involves seizures by
creditors of property in which they hold no present interest.

Although the writ of sequestration was obtainable without notice
to the debtor or an opportunity for a hearing, the Court upheld the
procedure. Several factors influenced the Court. First, the statute
required that the creditor submit facts supporting his need for the
writ to a judge. 416 U.S. at 605. Additionally, the statute authorized
the debtor to seek immediate dissolution of the writ and to regain
possession of the property by filing a bond. Further, the writ
purported only to sequester the property pending the final adjudica-
tion of the controversy. A Texas court applied this case in the
context of a commercial landlord-tenant case and summarized the
requirements of due process as follows:

States may enter provisions for prejudgment seizures if such writs are: 1) issued by judicial officers; 2) the affidavits and documents in support of said motion set out the facts relied on and are more than conclusions; 3) the debtor has an immediate right to a hearing; and 4) dissolution of the writ will be granted absent proof at the hearing.

Lincoln Ten, Ltd. v. White, 706 S.W.2d 125, 128 (Tex. App. - Houston [14 Dist.] 1986, writ granted). Articles 4594 and 4595 contain none of these protections. In fact, article 4594 purports to remove judicial recourse by exempting seized property from attachment and execution.

We recognize that the amended version of the Landlord Lien Law was upheld in Jacobs v. Huie, 447 F. Supp. 478 (N.D. Tex. 1976). The court in Jacobs v. Huie, however, upheld the amended act only because the statute forbade summary seizure of property unless there existed a conspicuous, written agreement between the landlord and tenant authorizing the seizure. The court distinguished Hall v. Garson on the basis that the statute overturned in Hall v. Garson involved both state authorization for the questioned conduct and the direct statutory delegation to a private party of an action traditionally performed by the state. 447 F. Supp. at 481. Although a contractual lien and a contractual waiver of the right to notice and a hearing are clearly subject to challenge on the basis that they are not entered into knowingly and intelligently, this is a different question from whether there exists sufficient "state involvement" to trigger due process concerns. See 447 F. Supp. 478; see generally Fuentes v. Shevin, 407 U.S. 67; Gonzales v. County of Hidalgo, 489 F.2d 1043 (5th Cir. 1973); Armenta v. Nussbaum, 519 S.W.2d 673 (Tex. Civ. App. - Corpus Christi 1975, writ ref'd n.r.e.).

Unlike the law upheld in Jacobs v. Huie, articles 4594 and 4595 do not involve contractual liens. They contain a direct grant to hotel proprietors of the statutory authority to seize a guest's property without notice and an impartial hearing and to sell a guest's property with notice but with no hearing whatsoever. Accordingly, we conclude that articles 4594 and 4595 are facially unconstitutional because they work a deprivation of property without due process of law.

## SUMMARY

Articles 4594 and 4595, V.T.C.S., the Hotel/ Motel Operators' Lien Law, are facially unconstitutional under the Due Process Clause of the Fourteenth Amendment to the United States Constitution because they fail to provide notice

and an impartial hearing before a proprietor exercises statutorily-authorized self-help to take property from the proprietor's business guests.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer S. Riggs
Assistant Attorney General